COPE, Judge.
Leon Cases appeals the denial of his application to be licensed as an architect. We affirm.
The applicant is a graduate of the City College of New York with the degree of Bachelor of Science in Architecture (B.S. Arch.). The School of Architecture and Environmental Studies from which the applicant received his degree is a school of architecture accredited by the National Architectural Accreditation Board. The degree received by the applicant is a four-year degree.
The applicant applied to the appellee Department of Business and Professional Regulation, Board of Architecture and Interior Design (“Board”), for licensure as an architect in the State of Florida. He contended that his degree satisfies the education requirement currently set forth in paragraph 481.209(l)(b)(l), Florida Statutes (1993). The Board disagreed, interpreting the statute to require a five-year degree of Bachelor of Architecture, or alternatively, a Master of Architecture degree. The applicant requested an administrative hearing, which was conducted by the Division of Administrative Hearings. From a final order denying the application, the applicant has appealed.
The hearing officer’s findings explain that there is a difference between the four-year degree of Bachelor of Science in Architecture, and the five-year degree of Bachelor of Architecture (B. Arch.). The findings state, in part:
3.NAAB [National Architecture Accreditation Board] accredits schools and colleges of architecture which offer curricula and programs leading to a first professional degree in architecture. A professional degree in architecture in the United States is uniformly evidenced by a five year degree leading to a Bachelor of Architecture (B. Arch) or a six or more year two stage degree program (a bachelor’s [not a B. Arch degree] degree followed by a master’s degree) leading to a Master of Architecture (M. Arch). It is not disputed that the Petitioner’s degree (a four-year Bachelor of Science in Architecture degree) is not a professional degree in architecture as defined by NAAB.
4. The Petitioner completed the course requirements for the BS Arch degree from CCNY [City College of New York], but did not attempt or complete the course requirements for the fifth year which results in the B. Arch from CCNY. The fifth year of a five-year program leading to a professional degree in architecture is an important part of the educational process which results in the synthesis of all the undergraduate work which is done in the first four years. This importance is recognized by CCNY which in its catalogue noted that it is only “with this degree [the bachelor of architecture, that] the student may begin the internship required for admission to the examination for licensure as a registered architect.”
5. It is in the fifth year of a five-year professional degree program, that a student usually (via a thesis requirement) develops an architectural program and completes the design of a structure from concept to completion. It is this requirement that allows the faculty to measure an individual’s capacity to become a practicing architect. The Petitioner completed none of the fifth year requirements at CCNY.
From 1979 through 1987, the Florida architecture licensing statute specifically required the applicant to be “a graduate from an approved architectural curriculum of 5 years or more.” § 481.209(2)(b), Fla.Stat. (1987); Ch. 79-273, § 5, Laws of Fla. In 1988 this portion of the architecture statute was amended to delete the specific reference to five years. Insofar as pertinent here, the applicant now must show that he or she “[h]as successfully completed all architectural curriculum courses required by and is a graduate of a school or college of architecture accredited by the National Architectural Accreditation Board.” § 481.209(l)(b)(l), Fla. Stat. (1993); Ch. 88-383, § 7, Laws of Fla. The applicant argues that the legisla *774 ture’s deletion of the specific reference to five years in the cited portion of the statute means that the requirement of a five year degree has been eliminated. If section 481.209 were the only statute involved, we would be inclined to agree. However, there are three statutory sections which must be read in pari materia.
Section 481.213, Florida Statutes (1993), defines the criteria for licensure. The statute provides, in part, that “[t]he board shall certify for licensure by examination any applicant who passes the prescribed licensure examination and satisfies the requirements of ss. 481.209 and 481.211, for architects." Id. § 481.213(2) (emphasis added).
Section 481.211 prescribes the internship requirements for architects. It states, in pertinent part:
(1) An applicant for licensure as a registered architect shall complete, prior to li-censure, an internship of diversified architectural experience approved by the board in the design and construction of structures which have as their principal purpose human habitation or use. The internship shall be for a period of:
(a) Three years for an applicant holding the degree of Bachelor of Architecture; or
(b) Two years for an applicant holding the professional degree of Master of Architecture.
Id. (emphasis added).
It is thus clear that for licensure an architect must complete a required period of internship. The internship section specifically enumerates the two degrees which are authorized: the Bachelor of Architecture and the Master of Architecture degrees. The two alternatives do not include the Bachelor of Science of Architecture degree held by the applicant.
All three of the above cited statutory sections must be read in pari materia. That is so because subsection 481.213(2) explicitly requires applicants to comply with both section 481.209 and 481.211. All three sections were extensively revised by chapter 88-383, Laws of Florida. We conclude that the Board’s reading of the statute is correct.
The applicant argues alternatively that he should be licensed under the provisions of paragraph 481.213(3)(b), Florida Statutes (1993). That portion of the statute permits licensure by endorsement for an architect who “[hjolds a valid license to practice architecture ... issued by another jurisdiction of the United States, if the criteria for issuance of such license were substantially equivalent to the licensure criteria which existed in this state at the time the license was issued." (Emphasis added). The applicant was licensed in New York in 1992 “as a result of New York’s statutes and rules which permit a combination of education and experience to be used to form the basis for entry to the licensure examination.” * In order for the New York license to be accepted here by endorsement, the New York criteria for issuance of the license must be “substantially equivalent to the licensure criteria which existed in this state at the time the license was issued.” Id. § 481.213(3)(b), i.e., in 1992. In 1992 the five-year degree requirement was applicable in Florida, and the Board concluded that the New York requirements were not substantially equivalent. The hearing officer found that the applicant was not entitled to licensure under this alternative either. We find no reversible error in that determination.
Affirmed.

 Recommended Order, at 5.