835 So.2d 1269 (2003)
Dwight D. ELLINWOOD, Appellant,
v.
BOARD OF ARCHITECTURE AND INTERIOR DESIGN, Appellee.
No. 1D01-5197.
District Court of Appeal of Florida, First District.
February 3, 2003.
Steven E. Sellers of Sellers Law Firm, P.L., Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Ann Cocheu, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Dwight Ellinwood appeals the denial of his application for an architect's license under section 481.213(3), Florida Statutes. He contends that the Board of Architecture and Interior Design's interpretation of the statute is clearly erroneous. We agree and reverse.
Ellinwood received a bachelor of design in architecture from the University of Florida in 1977. He has been a licensed architect in Georgia since 1986, and also is licensed in Virginia and Pennsylvania. In March 2000, Ellinwood applied for a Florida license, seeking licensure by endorsement pursuant to section 481.213(3), Florida Statutes. Section 481.213(3) states:
The board shall certify as qualified for a license by endorsement as an architect or as an interior designer an applicant who:
(a) Qualifies to take the prescribed licensure examination, and has passed the prescribed licensure examination or a substantially equivalent examination in another jurisdiction, as set forth in s. 481.209 for architects or interior designers, *1270 as applicable, and has satisfied the internship requirements set forth in s. 481.211 for architects;
(b) Holds a valid license to practice architecture or interior design issued by another jurisdiction of the United States, if the criteria for issuance of such license were substantially equivalent to the licensure criteria that existed in this state at the time the license was issued; provided, however, that an applicant who has been licensed for use of the title "interior design" rather than licensed to practice interior design shall not qualify hereunder; or
(c) Has passed the prescribed licensure examination and holds a valid certificate issued by the National Council of Architectural Registration Boards, and holds a valid license to practice architecture issued by another state or jurisdiction of the United States. For the purposes of this paragraph, any applicant licensed in another state or jurisdiction after June 30, 1984, must also hold a degree in architecture and such degree must be equivalent to that required in s. 481.209(1)(b). Also for the purposes of this paragraph, any applicant licensed in another state or jurisdiction after June 30, 1985, must have completed an internship equivalent to that required by s. 481.211 and any rules adopted with respect thereto.
(emphasis added).
Section 481.209(1)(b) states that an applicant must have degree from a school or college accredited by the National Architectural Accreditation Board, which effectively requires an applicant to have a five-year degree in architecture. Under the Board's interpretation of section 481.213(3), the five-year degree requirement applies to paragraphs (b) and (c). Since Ellinwood's degree is a four-year degree, the Board denied his application.
At an informal hearing before the Board, Ellinwood argued that the five-year degree requirement applied only to paragraph (c) and not to paragraph (b), and that under paragraph (b), he was entitled to licensure. The Board rejected this argument and upheld its denial of Ellinwood's application.
Although an agency's interpretation of a statute it administers is entitled to deference, this court can overturn the agency's interpretation if it is clearly erroneous. See Ocampo v. Dep't of Health, 806 So.2d 633, 634 (Fla. 1st DCA 2002). The Board's application of the five-year degree requirement to both paragraph (b) and (c) is clearly erroneous. Section 481.213(3) is unambiguous and must be given its plain meaning. See Holly v. Aulol, 450 So.2d 217, 219 (Fla.1984). The five-year degree requirement is contained in paragraph (c) which specifically states that the requirement applies to "this paragraph." Moreover, paragraph (b) is separated from paragraph (c) with the disjunctive "or." The use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately. See Kirksey v. State, 433 So.2d 1236, 1241 n. 2 (Fla. 1st DCA 1983). Based on these circumstances, the five-year degree requirement plainly applies only to paragraph (c). Therefore, we reverse the Board's denial of Ellinwood's application and remand for reconsideration of the application under section 481.213(3)(b), Florida Statutes.
ALLEN, C.J., WEBSTER and PADOVANO, JJ., CONCUR.