PER CURIAM.
Appellant seeks a Florida architectural license by endorsement under section 481.213(3)(b), Florida Statutes (1999). Previously, after the Board denied his application, appellant sought review in this court. See Ellinwood, v. Bd. of Architecture & Interior Design, 835 So.2d 1269 (Fla. 1st DCA 2003). This court reversed the Board’s denial and remanded the case for further proceedings on the basis that only subsection (3)(c) of the statute has an explicit requirement that an architect licensed out of state demonstrate that he or she has completed a five-year architecture education. Id. at 1270. On remand, appellant argued that he is entitled to li-censure under subsection (3)(b), which generally requires demonstration that an applicant has been licensed in another state that has a “substantially equivalent” requirement to the requirement in effect in Florida at that time. The Board disagreed with this argument, reasoning that even though the five-year education requirement of subsection (3)(c) did not directly apply to subsection (3)(b), the substantially equivalent requirement operated in such a way to virtually engraft a five-year formal education requirement onto subsection (3)(b). We find no fault with the Board’s interpretation of the statute. See Cases v. Dep’t of Bus. & Prof'l Regulation, 651 So.2d 772, 774 (Fla. 3d DCA 1995); see also, e.g., Ellinwood, 835 So.2d at 1270. Accordingly, we AFFIRM the Board’s denial of appellant’s application for licensure by endorsement under section 481.213(3)(b).
ERVIN, BARFIELD, and KAHN, JJ., concur.