HAVERFIELD, Judge.
Defendant-appellants, Ramon A. Seijo and Dona Augusta Drucker de Seijo, his wife, seek review of the following two rulings entered by the trial court: first, final judgment awarding plaintiff, Futura Realty, Inc., a broker’s commission in the amount of $9,050 plus interest for the sale of property; and second, granting of plaintiff’s ore tenus motion which vacated an earlier summary judgment entered in favor of Mrs. Seijo.
There are five principal characters in the instant factual situation: (1) Ramon Seijo, appellant, a retired Puerto Rican mechanic living in Miami who owns the subject property in Puerto Rico and who acted as the agent for his wife in the sale of the property; (2) Mrs. Seijo, appellant, wife of Ramon and co-owner of the subject property; (3) Hiram Barletta, president of Sea Queen, Inc., the purchaser of the Seijo property; (4) Thomas Concepcion, co-owner of a Puerto Rican real estate brokerage firm, Futura of Puerto Rico; (5) Guido Garcia, president of appellee Futura Realty, Inc., a Florida real estate brokerage corporation.
Barletta became interested in the subject Puerto Rican property for his corporation and contacted Concepcion to communicate this interest to Seijo. Concepcion con *740 tacted Seijo and told him of the prospective transaction and then informed Garcia, who would handle the matter in Miami. Upon completion of the transaction, Garcia and Concepcion planned to divide the forthcoming commission. After the closing Garcia demanded the commission but Seijo refused to pay it, and this action was commenced. Defendants Seijo moved for a summary judgment, the court granted the motion as to Mrs. Seijo and plaintiff did not move to vacate, rehear or appeal therefrom. Six months after the summary judgment, the cáse proceeded to nonjury trial. The trial court, pursuant to plaintiff’s ore tenus motion, reversed the summary judgment dealing with Mrs. Seijo and thereafter entered a judgment against both defendants.
In their first point on appeal defendant appellants urge that it was error for the trial court to vacate the summary judgment entered in favor of Mrs. Seijo six months after it was initially granted when no petition for rehearing or notice of appeal was filed by plaintiff appellee within the time limit contemplated by RCP 1.530(b), 31 F.S.A. We hold that the summary judgment dismissing Dona Augusta Drucker de Seijo was a final judgment and therefore was not subject to reversal six months later at time of trial. A summary final judgment dismissing a party should not be dealt with as an interlocutory order. Once a party has been dismissed from a case, he may be brought back in only upon new process. See State ex rel. Huntley Bros., Inc. v. Gooding, Fla.App.1963, 149 So.2d 55.
The remaining issue raised by appellants alleges error in granting a broker’s commission to cooperating brokers, one of whom was under a disability to recover. The disability which appellants contend precludes Thomas Concepcion from recovering any commission is the fact that he was not a registered broker in Puerto Rico or Florida “at the time the act or service was performed”, F.S. § 475.41, F.S.A. Appellants state that this infirmity affects the validity of the entire brokerage contract and that no recovery should be permitted as a matter of public policy based upon legislative enactment. Bradley v. Banks, Fla.App.1972, 260 So.2d 256; Harris v. McKay, Fla.App.1965, 176 So.2d 572.
The above cited authority is not controlling in the instant case because the factual situations can be distinguished. In both Bradley and Harris the brokers seeking a commission were not registered brokers in states which demanded this requirement before commission could be earned and paid to those dealing in real estate. In the case sub judice Concepcion is a co-owner of a real estate firm in Puerto Rico and is actively engaged as a real estate broker. Puerto Rico does not require the prerequisite of registration for one to deal in real estate. Consequently, it is not a violation of the Florida Real Estate License Law, F.S. § 475.41, F.S.A. to allow Concepcion and the registered Florida broker to cooperate and share the commission they earned as a result of their industrious efforts.
Accordingly, for the reasons stated above the trial court’s decision is affirmed in part and reversed in part.