BERANEK, Judge.
These two appeals grow out of a single auto accident and the resulting litigation. *359 We affirm. Mr. Lawrence sued Mr. Brown (appellant) and his insurance carrier for personal injuries and property damage sustained in an auto accident of May 9, 1975. Brown counterclaimed against Lawrence and his insurer, Progressive Casualty Insurance Company, for personal injuries and property damage growing out of the same accident. Brown was represented by an attorney furnished by his insurance carrier on the defense of the action, and was also represented by his personal counsel on the prosecution of his counterclaim.
Shortly before trial, a settlement was reached. A joint “Motion for Order of Dismissal” was signed by plaintiff’s counsel and the one attorney representing defendant and defendant’s insurance company. The joint motion recited “that all matters and things in controversy between them have been amicably settled and adjusted.” Pursuant to the joint motion an order of dismissal was entered reciting that “the above entitled action be and the same is hereby dismissed .” Almost simultaneously Brown’s personal counsel filed a voluntary dismissal of his counterclaim. This voluntary dismissal stated it was “without prejudice.” The order of dismissal was entered on May 10,1978. The terms of the settlement between Brown and Lawrence were that Brown’s carrier pay Lawrence the sum of approximately $6,000 in return for a complete release from Lawrence.
Several months later on August 28, 1978, Brown and his wife[1] filed a new action against Lawrence and his insurance carrier for the same personal injuries and for the wife’s loss of consortium growing out of the same accident. The defendant filed an answer and subsequently a motion to dismiss the action with prejudice. Lawrence, now occupying the position of defendant, asserted that the previous counterclaim was compulsory in nature and that the dismissal of this compulsory counterclaim resulted in its being barred from further prosecution. The trial court granted the motion to dismiss with prejudice based upon the dismissal of the compulsory counterclaim and the order of dismissal previously entered.
Brown’s counsel then moved to withdraw his notice of voluntary dismissal in the first case and to have the dismissed counterclaim set for trial in that case. These motions were denied and the present appeals are taken from the orders entered in both cases disposing of the counterclaim adversely to Brown. The court also taxed costs against Brown in case no. 76-1342 by order of August 18, 1980. The appellee concedes this order to have been improper and it is thus vacated.
Brown now argues that all parties knew he intended to dismiss his counterclaim because of certain evidentiary problems and to refile it at a later date. Despite this assertion on appeal, it appears this factual issue has never been presented to nor decided by the trial court. The motion to dismiss with prejudice made in the new case was based solely upon the state of the record. On the face of the record Brown had dismissed what was obviously a compulsory counterclaim and an order had been entered by the trial court dismissing the entire action with prejudice. The documents contained in the two court files support the actions of the trial court in dismissing the second suit with prejudice.
The only real issue raised on appeal is that the result is unfair because all three lawyers involved knew Brown intended to pursue his counterclaim later. Once again, nothing in the pleadings before the trial court so indicates. A motion for relief under Rule 1.540 of the Rules of Civil Procedure might have presented the argued misunderstanding of counsel as a factual issue for determination. Instead the trial court was presented only with defendant’s motion to dismiss based on the prior dismissal of the compulsory counterclaim and the prior order which dismissed the “action” with “prejudice.”
*360 In the earlier proceeding there was apparently no communication between the one lawyer representing Brown and his insurance carrier and additional personal counsel who was representing Brown on the counterclaim alone. Only insurance counsel signed the joint motion for dismissal. Such split representation certainly has not worked to the client’s advantage but was apparently the client’s choice. We are not called upon to resolve the obvious problems presented when a single client is represented by two lawyers who take independent and inconsistent action on their client’s behalf. These problems were never properly presented to the trial court for decision and, although they are obviously the root of the present controversy, we are unable to reach them here. The orders below are hereby affirmed.
AFFIRMED.
LETTS, C.J., and HERSEY, J., concur.

. The issue of whether the wife’s claim could be maintained notwithstanding prior disposition of the husband’s claim is not presented as an issue on appeal and is not here decided. See Resmondo v. International Builders of Florida, Inc., 265 So.2d 72 (Fla. 1st DCA 1972).