PER CURIAM.
Florida Insurance Guaranty Association [FIGA] appeals an order in favor of Hasa-na Ali, as personal representative of the Estate of Saeed Ali, and in favor of defendants Phil Richman, Thelma Richman, Robbins Sundry and Grocery, and P.F.R., Inc., following a non-jury trial in a wrongful death action. The order determined coverage and decided that FIGA had an obligation to defend the insureds. FIGA also appeals an order finding that the settlement agreement entered into between Ali and defendants Richman and P.F.R., Inc., was reasonable and enforceable. We affirm the orders.
The Order on Coverage Trial states:
1. Plaintiff HASANA ALI, as Personal Representative of the Estate of Saeed Ali, deceased [“ALI”] sued Defendants PHIL RICHMAN and THELMA RICH-MAN, his wife; ROBBINS SUNDRY AND GROCERY, P.F.R., INC., a Florida corporation d/b/a ROBBINS PHARMACY; and/or P.F.R., INC., a Florida corporation d/b/a ROBBINS SUNDRY AND GROCERY [collectively “RICH-MAN”], for wrongful death. Defendants RICHMAN had a policy of insurance with American Druggists, policy no. PP 90-10-25, which Defendants RICH-MAN claimed provided coverage for the incident and triggered a duty to defend. American Druggists denied coverage and refused to defend. It was joined as an additional defendant and Defendants RICHMAN filed a cross claim against it for coverage.
2. After several years of litigation, American Druggists became insolvent. Florida Insurance Guaranty Association [“FIGA”] substituted as Defendant/Cross Defendant for American Druggists.
3. The Court separately set for trial the issue of coverage. Shortly before trial, Plaintiff ALI and Defendants *655 RICHMAN entered into a Coblentz agreement. Pursuant to that agreement, the court signed a consent judgment on February 8, 1991 in the amount of $300,-000. As a result of that agreement, there were no issues of liability to be tried between ALI and RICHMAN.
4. The issue at the coverage trial was whether the insurance policy issued by American Druggists to Defendants RICHMAN provided coverage for the incident on which suit was brought. ALI claimed that the policy provided coverage under ... the Druggist Liability sec-tion_ FIGA claimed the Druggist Liability section did not provide coverage because the conduct fell within the exclusion for willful violation of a penal statute.
5. As to the Druggist Liability section, the Court finds, on the evidence presented, that FIGA failed to meet its burden of proving that the “willful violation” exclusion was applicable. There is no evidence that Mr. Richman willfully violated the law by dispensing drugs on the premises or by allowing someone with his knowledge to dispense drugs there. The evidence does show that the store was run negligently and sloppily. But the conduct does not rise to the level of willfulness. Therefore, the Court concludes that there is coverage under the Druggist Liability portion of the policy and there was an obligation to defend.
A review of the record demonstrates that the trial court’s decision is supported by competent substantial evidence. Randy Int'l, Ltd. v. American Excess Corp., 501 So.2d 667, 670 (Fla. 3d DCA 1987). The evidence shows, as the court found, that Mr. Richman negligently operated the store; it does not establish that he willfully violated a penal statute. Thus, FIGA did not carry its burden of demonstrating that Mr; Richman’s actions fell within the “willful violation” policy exclusion. See State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245 (Fla.1986).
FIGA’s remaining points lack merit.
Accordingly, we affirm the orders under review.