633 So.2d 1111 (1994)
INDEPENDENT FIRE INSURANCE COMPANY, Appellant,
v.
Joseph PAULEKAS and Marsha Paulekas, Appellees.
Nos. 92-1889, 93-280.
District Court of Appeal of Florida, Third District.
February 15, 1994.
Rehearing Denied April 12, 1994.
Arthur J. Morburger, Weinstein, Bavly & Moon, and Albert E. Moon, Miami, for appellant.
Robert S. Glazier, Coconut Grove, Leesfield, Leighton, Rubio & Hillencamp, Miami, for appellees.
Before COPE, LEVY and GERSTEN, JJ.
LEVY, Judge.
In December of 1987, Joseph Paulekas was piloting his boat in the Florida Keys, when he was approached by a boat piloted by Clifford Richardson. Richardson failed to turn his boat to the right, in violation of Coast Guard rules, causing the two vessels to collide. Nineteen of Joseph Paulekas's bones *1112 were fractured and his scalp was ripped away. Joseph and his wife Marsha brought suit against Richardson and the owner of the boat, Gerald Severinghaus, who was Richardson's brother-in-law and employer. Richardson and Severinghaus were initially represented in the action by an attorney provided by the appellant, Independent Fire Insurance Company [Independent], because Severinghaus had a homeowner's policy with Independent.
However, although Independent was providing a defense to Richardson and Severinghaus, it denied that the Severinghaus boat was covered under the policy, and subsequently filed a declaratory judgment action against Severinghaus and Richardson. Thereafter, the trial court granted Independent's motions for summary judgment against Richardson and Severinghaus in the declaratory action, on the basis that the pleadings and factual admissions reflected that there was no coverage under Independent's policy.
In January of 1991, Independent withdrew its defense of Richardson in the lawsuit brought by Joseph and Marsha Paulekas. Trial was scheduled for February of 1991. Richardson did not have money to obtain counsel and feared that he was facing a large adverse judgment. Accordingly, Richardson concluded that it was preferable to enter into a consent judgment with the Paulekases. The consent judgment acknowledged that Richardson had negligently operated the boat, and agreed to a judgment in favor of the Paulekases for $650,000. The consent judgment further provided that execution would not be levied against Richardson, and that Richardson assigned to the Paulekases any claims he had against Independent for policy benefits or bad faith. The Paulekases then filed a claim against Independent seeking to enforce the consent judgment and asserting a bad faith claim.
At this same time, in January of 1991, Independent filed a declaratory judgment action against the Paulekases seeking a declaration that there was no coverage under the policy, on the basis that the court had already ruled on the coverage issues in the prior undefended declaratory judgment actions against Richardson and Severinghaus. According to Independent, there was no coverage for the accident because Severinghaus, the insured, had failed to inform Independent that the motor vessel had an outboard motor in excess of 25 horsepower.
The policy provided coverage for certain boats under all circumstances. Under the "Watercraft" provisions of the policy contained in Section (4)(a), boats with motors exceeding 25 total horsepower which were acquired prior to the policy period, were covered only if the boat was declared at policy inception or reported within 45 days of the purchase. Section (4)(b) of the policy provided for coverage without any notification for boats with motors exceeding 25 horsepower which were acquired during the policy period.
The Paulekases then filed a motion for summary judgment claiming that the Independent policy did provide coverage for the boat. The Paulekases stipulated, for purposes of arguing the motion for summary judgment, that they were traveling under Section (4)(a) of the policy, and that no notice had been provided at the policy inception or within 45 days of the purchase. However, the Paulekases argued that Independent could not avoid coverage, citing to Florida's anti-technical statute, Section 627.409(2), Florida Statutes (1987). Section 627.409(2), provides that a technical omission which does not increase the hazard that causes an accident, cannot be used by an insurer to avoid coverage. According to the Paulekases, the anti-technical statute applied to their homeowners policy because the policy insured against liability for losses arising out of the ownership, operation or use of a boat. The trial court granted the Paulekases' motion for summary judgment, concluding that there was coverage for the accident, and also awarded attorneys' fees to the Paulekases as the prevailing party.
The case then proceeded to trial on the issue of the enforceability of the consent judgment against Independent. The jury returned a verdict in favor of the Paulekases, finding that the consent judgment was reasonable, and the trial court entered judgment against Independent for $650,000, plus accrued interest. Independent filed its notice *1113 of appeal, and this court subsequently consolidated the appeal from the summary judgment, and attorneys' fees award, with the appeal from the final judgment finding the consent judgment valid.
On appeal, Independent argues that the trial court erred, first, in entering summary judgment in favor of the Paulekases on the coverage question, including the attorneys' fees awarded in connection with that judgment, and, second, in entering the final judgment, based upon the jury verdict, finding that the consent judgment between the Paulekases and Richardson to be reasonable.
Independent argues that the coverage question has previously been decided in its favor, relying on the doctrine of res judicata to support this position. We disagree, finding that the doctrine of res judicata does not apply under the facts of this case. A declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action. See Allstate Insurance Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992); Jacobs & Goodman, P.A. v. McLin, Burnsed, Morrison, Johnson & Robuck, P.A., 582 So.2d 98 (Fla. 5th DCA 1991); Allstate Insurance Co. v. Warren, 125 So.2d 886 (Fla. 3d DCA), cert. denied, 131 So.2d 201 (Fla. 1961). See also Glandon v. Searle, 68 Wash.2d 199, 412 P.2d 116 (1966) (declaratory judgment obtained by insurance company against insured not res judicata against third-party claimant who was personal injury plaintiff); Southern Farm Bureau Casualty Ins. Co. v. Robinson, 236 Ark. 268, 365 S.W.2d 454 (1963) (same). Because the Paulekases were not parties in the prior undefended declaratory judgment action, the doctrine of res judicata does not apply to bar their claims.
Independent next argues that a material question of fact exists as to the date on which the boat was purchased by its insured. Independent points out that if the boat was acquired shortly before the start of the policy period, but after the policy had been applied for, the insured would have been obligated, pursuant to Section (4)(a), to notify Independent about the acquisition of the boat within forty-five days of such acquisition. On the other hand, if the boat was initially acquired after the start of the policy period, Section (4)(b) would provide coverage for the boat for the rest of the policy period without any notification requirement. Clearly, the date of the acquisition of the boat is not only material, but is vital to the determination of which provision of the insurance policy governs the coverage question in this case.
As indicated above, the Paulekases stipulated, for the purpose of arguing their motion for summary judgment before the trial court, that they were required to give the appellant the notice provided for in Section (4)(a). The Paulekases further stipulated, for the purpose of arguing their motion for summary judgment, that they did not give the required notice. The Paulekases argue, however, that their failure to give such notice does not allow Independent to deny coverage because of the applicability of Section 627.409(2), Florida Statutes, commonly known as Florida's anti-technical statute. We disagree. This statute, by its very terms, only applies to "wet marine" and "transportation" insurance policies. It does not apply to a homeowner's policy, such as we have in this case. Accordingly, it was error for the trial court to enter the summary judgment that held, as a matter of law, that Independent was obligated to provide coverage for the accident in question.
On remand, the parties will have an opportunity to adduce evidence relating to the exact date that the boat in question was acquired by the insured. The determination of that date will, in turn, determine whether this case is governed by Section (4)(a), or Section (4)(b) of the "Watercraft" provision of the policy that Severinghaus purchased from Independent. Thereafter, the trial court will be in a better position to entertain a motion for summary judgment relating to the extent and type of coverage, if any, that Independent was obligated to provide to Severinghaus pursuant to the above-described policy provisions.
We find that no error has been demonstrated in the record relating to the jury trial which found that the consent judgment was valid. The standard for enforcing a consent judgment is whether the settlement was reasonable and made in good faith. Florida Insurance Guar. Ass'n v. Ali, 609 So.2d 654 *1114 (Fla. 3d DCA 1992); Atlantic Coast Development Corp. v. Napoleon Steel Contractors, 385 So.2d 676 (Fla. 3d DCA 1980); Shook v. Allstate Insurance Co., 498 So.2d 498 (Fla. 4th DCA 1986). As this Court stated in Quintana v. Barad, 528 So.2d 1300, 1301 n. 1 (Fla. 3d DCA 1988), in order to enforce a consent judgment, "the injured party must bring an action against the insurer and prove coverage, wrongful refusal to defend, and that the settlement was reasonable and made in good faith." Accordingly, Independent was not permitted to assert all of the defenses which could have been asserted in the underlying cause of action, and the trial court properly limited the focus of the trial to the issue of whether the consent judgment was reasonable in view of the degree of probability of the insured's success and the size of the possible recovery. See Luria Brothers & Co., Inc. v. Alliance Assurance Co., Ltd., 780 F.2d 1082 (2d Cir.1986); St. Paul Fire and Marine Insurance Co. v. Welsh, 501 So.2d 54 (Fla. 4th DCA 1987); Florida Farm Bureau Mutual Insurance Co. v. Rice, 393 So.2d 552 (Fla. 1st DCA 1980); Taylor v. Safeco Insurance Co., 361 So.2d 743 (Fla. 1st DCA 1978). Accordingly, we affirm the Final Judgment finding the consent judgment to be valid. Naturally, that judgment will only become relevant, as to Independent, if, and when, the trial court determines that Independent is obligated to provide coverage for the accident in question.
Affirmed in part and reversed in part.