949 So.2d 219 (2006)
Gregory BETHEL, Appellant,
v.
SECURITY NATIONAL INSURANCE COMPANY, Appellee.
No. 3D05-2881.
District Court of Appeal of Florida, Third District.
December 20, 2006.
Rehearing and Rehearing Denied March 15, 2007.
*220 Beckham & Beckham, and Robert J. Beckham, Jr., Miami, for appellants.
Hinshaw & Culbertson, and James H. Wyman, Fort Lauderdale; Hinshaw & Culbertson, and Maureen G. Pearcy, and Ronald L. Kammer, Miami, for appellee.
Before GREEN, RAMIREZ, and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied March 15, 2007.
RAMIREZ, J.
The defendant, Gregory Bethel, appeals the trial court's final summary judgment entered in favor of plaintiff, Security National Insurance Company, determining that there is no insurance coverage for an automobile accident involving appellants Gregory Bethel and Laika Fernandez. We reverse because the passenger in this case, Laika Fernandez, did not meet the household exclusion for a "member of the family."
Security National, the insurance company, issued an automobile insurance policy to Evelyn Bethel, Gregory Bethel's wife, for the policy period running from February 21, 2005 through August 21, 2005. The policy had a limit of $100,000 per person and $300,000 per accident in bodily injury liability coverage. Both Evelyn and Gregory were listed as drivers on the policy. The policy covered two vehicles, a 2003 Chevy Tahoe and a 2002 Toyota Camry. Gregory was the owner of the Chevy Tahoe.
Security National's policy in question provides coverage for bodily injury coverage with limits of $100,000 per person and $300,000 per accident. The policy defines "family member" as the following:
Family member means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child, provided *221 said family member does not own a private passenger auto.
The policy's liability part reads, in pertinent part:
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. . . .
The household exclusion in Part A of the policy provides that Security National does not provide liability coverage:
11. For bodily injury, property damage or death sustained by any insured or any member of the family of an insured residing in the same household as the insured.
The policy states that words and phrases defined in the policy are boldfaced when used. While the term "family member" is boldfaced in the policy, the words "any member of the family" are not.
On March 26, 2005, Gregory was driving the Chevy Tahoe and was involved in a single-car accident causing injury to Laika, Evelyn's sister, who was a passenger in the car. Laika was residing with Gregory and Evelyn at the time of the accident. When Evelyn, the policyholder, originally applied for the insurance, Laika was not residing at the Bethels' home. The only adults residing in the Bethels' home at that time were Gregory and Evelyn.
In August 2004, Laika temporarily moved in with Gregory and Evelyn. When Laika moved into the Bethels' house, she had her own car, which she used as a private passenger automobile. She separately maintained her own automobile insurance on this car during the entire time that she lived with the Bethels. When the March 26, 2005 accident occurred, Laika still owned the 2004 Chevrolet Cavalier and used it as a private passenger automobile, while maintaining her own separate automobile insurance on her car.
Following the accident, Laika asserted a claim against Gregory for the $100,000 limit of the policy. In response, Security National denied coverage based on the "household exclusion," that precludes bodily injury coverage to "members of the family" of an insured who reside in the same household as the insured. Security National then brought a declaratory judgment action to determine its obligations to provide coverage to Laika under the policy.
In its motion for summary judgment, Security National asserted that there was no coverage under the policy because of the household exclusion. The trial court agreed and granted summary judgment. We reverse.
In this case of first impression, we conclude that there is at least sufficient ambiguity to find coverage. The policy contains a common sense definition of a "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." It then adds, "provided said family member does not own a private passenger auto." The logic of this is that such a family member who owns his or her own auto would carry separate insurance and would not be increasing the risk to the insurer.
The exclusion that Security National relies upon provides:
We do not provide Liability Coverage:
. . . .
11. For bodily injury, property damage or death sustained by any insured or any member of the family of an insured residing in the same household as the insured. *222 (emphasis added). It does not take a great deal of proficiency in English to learn that a "member of the family" and a "family member" are interchangeable terms to an ordinary speaker. Security National would have us change ordinary English usage by the use of boldfaced type. This we refuse to do.
Courts generally try to construe an automobile insurance policy based on the definitions in the policy. Grant v. State Farm Fire & Cas. Co., 638 So.2d 936, 937 (Fla. 1994). The scope and extent of insurance coverage is determined by the language and terms of the policy. Roberts v. Fla. Lawyers Mut. Ins. Co., 839 So.2d 843, 845 (Fla. 4th DCA 2003). See also Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla.2000) ("Florida law provides that insurance contracts are construed in accordance with the plain language of the policies. . . ."). Furthermore, under Florida law, the words used in an insurance policy are to be given their plain and ordinary meaning. Rigby v. Underwriters At Lloyd's, London, 907 So.2d 1187, 1188, n. 1 (Fla. 3d DCA 2005).
Giving the words their ordinary import, we conclude that a "family member" is the same thing as a "member of the family" and that this is clear from the plain meaning of the words in the policy. State Farm Fire & Cas. Co. v. Castillo, 829 So.2d 242, 244 (Fla. 3d DCA 2002) ("[T]erms utilized in an insurance policy should be given their plain and unambiguous meaning as understood by the `man-on-the-street.'"). See also Steele v. Kinsey, 801 So.2d 297, 300 (Fla. 2d DCA 2001); Lindheimer v. St. Paul Fire & Marine Ins. Co., 643 So.2d 636, 638 (Fla. 3d DCA 1994) ("[T]he terms of the contract must be given their everyday meaning and read in light of the skill and experience of ordinary people."). We can find no case in Florida stating that bold print changes the meanings of words.
First, Security National defined the term "family member" to exclude those members of the household who own their own private passenger automobiles. Laika owned her own private passenger automobile when the accident occurred and was therefore not a member of the family under Security National's definition. France v. Liberty Mut. Ins. Co., 380 So.2d 1155, 1156 (Fla. 3d DCA 1980) (enforcing policy definition excluding those owning "a private passenger automobile"); Gilligan v. Liberty Mut. Ins. Co., 265 So.2d 543, 546 (Fla. 4th DCA 1972). See generally 8 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 116:5 (2005) ("[T]he classification of a vehicle may determine which persons are covered, as when a policy provides coverage for those household members who do not own a `private passenger automobile.'"). The exclusion applies only to members of the family. The exclusion does not apply to Laika who does not fit the definition of "family member" written by Security National. Accordingly, the household exclusion does not apply in this case.
In addition, Laika was not staying with her sister, Evelyn, when the automobile policy was issued to Evelyn. Laika maintained her own separate insurance on her own passenger car the entire time she was there and was not part of the household.
Security National's policy must be construed as a whole. Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 166 (Fla.2003). When an insurer fails to define a term in a policy, the insurer cannot take the position that there should be a narrow, restrictive interpretation of the coverage provided. State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1076 (Fla.1998). Because the policy must be interpreted strictly in favor of coverage, Security National's policy should *223 be construed to protect Gregory against Laika's claims.
Insurance policies must be construed against the insurance company and in favor of the insured and insurance coverage. Bankers Life & Cas. Co. v. Vadra, 563 So.2d 200, 201 (Fla. 3d DCA 1990); Rabatie v. U.S. Sec. Ins. Co., 581 So.2d 1327, 1329 (Fla. 3d DCA 1989). "Where the language in an insurance policy is subject to differing interpretations, the policy language `should be construed liberally in favor of the insured and strictly against the insurer.'" Flores v. Allstate Ins. Co., 819 So.2d 740, 744 (Fla.2002). Moreover, "[p]olicy provisions that tend to limit or avoid liability are interpreted liberally in favor of the insured and strictly against the drafter who prepared the policy, and exclusions to coverage are construed even more strictly against the insurer than coverage clauses." Id.
As explained in Miller Elec. Co. of Fla. v. Employers' Liab. Assur. Corp., 171 So.2d 40, 43 (Fla. 1st DCA 1965), the reason supporting this principle is that insurance policies are prepared by experts employed by insurance companies. "[T]he relationship of each provision to the others contained in the policy is difficult for laymen to understand or fully appreciate." Id. Where there are two different interpretations which may be given to the words used in an insurance policy, the interpretation which allows the greater indemnity will govern. Id. Accordingly, the plain and ordinary meaning of these words indicates that the household exclusion does not apply to Laika as a "member of the family."
Upon remand, we note that Security National never added the policy holder, Evelyn Bethel, as a party to the action. Before any proceeding for declaratory relief is entertained, all persons who have an actual, present, adverse, and antagonistic interest in the subject matter should be before the court. See Florida Dep't of Educ. v. Glasser, 622 So.2d 944, 948 (Fla. 1993). See also § 86.091, Fla. Stat. (2004) ("When declaratory relief is sought, all persons may be made parties who have or claim any interest which would be affected by the declaration."). Appellants properly asserted that Security failed to join an indispensable party.
For the foregoing reasons, we find that the trial court erred in entering summary judgment in Security National's favor. We thus reverse the summary judgment and remand the case for trial.
Reversed and remanded.