WALLACE, Judge.
This appeal arises from two separate orders granting partial summary judgments in litigation between two physicians and their respective practice entities. The focus of the litigation was the enforcement of a covenant not to compete. Daniel T. MeClenathan, M.D., and Pediatric Gas-troenterology, Hepatology and Nutrition of Florida, P.A., sought to enforce a covenant not to compete against L. Julio Reinstein, M.D., and Bay Pediatric Gastroenterology, Hepatology & Nutrition, P.L. Because Dr. Reinstein was entitled to a declaratory judgment concerning the enforceability of the covenant against Dr. MeClenathan, the circuit court erred in entering a partial summary judgment that dismissed Dr. MeClenathan as a party to the litigation. Thus we reverse that partial summary judgment. We affirm without discussion the second partial summary judgment.
I. THE FACTS
Before 1997, Daniel T. MeClenathan, M.D., was the sole shareholder of the medical practice that became known as Pediatric Gastroenterology, Hepatology and Nutrition of Florida, P.A. (the P.A.). Dr. MeClenathan is a specialist in pediatric gastroenterology. The P.A. operates in Pinellas County and in Hillsborough County. In 1997, L. Julio Reinstein, M.D., who also specializes in pediatric gastroenterolo-gy, purchased a 49.8% interest in the P.A. After the sale of stock to Dr. Reinstein, Dr. MeClenathan owned a 50.2% interest in the P.A.
Dr. MeClenathan, Dr. Reinstein, and the P.A. executed various documents to memorialize the new practice arrangement. Three of these documents are pertinent to this appeal: (1) an Operating Agreement; (2) a Stock Transfer Restrictions and BuyOut Agreement (the Buy-Out Agreement); and (3) a Professional Services Employment Agreement (the Employment Agreement). The Operating Agreement was executed by both physicians and the P.A. The Buy-Out Agreement was executed by the P.A. and its two shareholders, Dr. MeClenathan and Dr. Reinstein. The Employment Agreement was between the P.A. and Dr. Reinstein.
Of particular importance to this case are the noncompete covenants contained in *56 two of the agreements. The Buy-Out Agreement contains a section titled “Shareholder Non-Competition Covenants.” This section provides — in pertinent part — that while employed by the P.A., and for a period of two years following the sale or redemption of a shareholder’s shares, the shareholder shall not compete with the P.A. within Pinellas County, Florida. This section also contains a provision giving “the [P.A.] or any Shareholder ... the right to seek monetary damages ... and equitable relief’ in the event of a breach of the covenants. A separate section on remedies in the Buy-Out Agreement provides “that in the event of any actual or threatened default in or breach of any of the provisions in this Agreement the party or parties who are aggrieved thereby shall have the right to ... appropriate relief,” including specific performance, an injunction, and damages. (Emphasis added.)
The Employment Agreement contains the second covenant not to compete. The pertinent section is titled “Covenants Against Competition.” The noncompete provisions in the Employment Agreement are similar to the ones in the Buy-Out Agreement in that they restrict competition within Pinellas County for two years following the separation of the employed physician from the practice. A significant difference between the two covenants is that the one contained in the Employment Agreement provides only that the “Practice,” i.e., the P.A., shall have the right to seek damages and equitable relief in the event of a breach, while the covenant in the Buy-Out Agreement grants enforcement rights to the P.A. or any shareholder.
In March 2005, Dr. Reinstein filed an action against Dr. McClenathan and the P.A. seeking a declaratory judgment that the two noncompete covenants were not enforceable. Dr. Reinstein’s employment with the P.A. was subsequently terminated, and he opened a new medical practice in Pinellas County. Dr. Reinstein’s new practice was organized as Bay Pediatric Gastroenterology, Hepatology & Nutrition, P.L. (the P.L.).
II. THE PROCEEDINGS IN THE CIRCUIT COURT
In his complaint, Dr. Reinstein alleged that Dr. McClenathan and the P.A. had breached the pertinent agreements, particularly the Operating Agreement and the Employment Agreement. The complaint sought damages for the alleged breaches of the agreements. In addition, the complaint requested a declaration that (1) the P.A. and Dr. McClenathan had breached the agreements; (2) the P.A. and Dr. McClenathan had unclean hands and were estopped to enforce the noncompete covenant by reason of their material breaches of the agreements; (3) the P.A. and Dr. McClenathan were estopped to enforce the noncompete covenant in the Employment Agreement because “they [did not] have a legitimate business interest to treat ALL [of] the pediatric patients [in] Pinellas CountyU Dr. Reinstein [being] the only other board[-]certified pediatric gastroen-terologist practicing in [the] county”; and (4) the noncompete covenant, if enforced, “would harm the public health, safety and welfare” and was against public policy because it deprived the children of Pinellas County of one of the only two board-certified pediatric gastroenterologists in the county.
The P.A. filed a separate action seeking injunctive relief and damages against Dr. Reinstein and the P.L. for their alleged violations of the'covenants not to compete. Dr. Reinstein and the P.L. responded by filing an answer and affirmative defenses, *57 a counterclaim, and a third-party complaint against Dr. McClenathan.
Subsequently, the P.A. and Dr. McClen-athan moved to enforce the arbitration provisions contained in the agreements. The circuit court referred Dr. Reinstein’s claims for damages to arbitration and retained the claims relating to the enforceability of the covenants not to compete. The parties eventually went to arbitration, and all of Dr. Reinstein’s claims for damages against Dr. McClenathan and the P.A. were resolved. As a result, the remaining issues in the case pertained to the covenants not to compete.
After the completion of the arbitration, the P.A. moved to consolidate the two pending actions and to realign the parties.[1] The circuit court granted this motion and realigned the parties, designating the P.A. as the Plaintiff, because it was the party seeking to enforce the noncompetition agreement, and designating Dr. Reinstein and the P.L. as the Defendants, because they were the parties seeking to avoid the noncompetition agreements.
Dr. McClenathan also moved for partial summary judgment, seeking to be dismissed from the litigation. In support of his motion, Dr. McClenathan asserted that he “is not the party seeking enforcement of the non-competition agreement and, consequently, should not be named individually in these proceedings by Dr. Rein-stein.” Despite the provisions of the BuyOut Agreement, Dr. McClenathan claimed that “the [pertinent] documents vest no right in him to bring this action on the non-competition agreement against Dr. Reinstein.” Dr. McClenathan concluded that “he should be dropped from [the litigation because he had been] improvidently sued.”
III. THE CIRCUIT COURT’S ORDER
After a hearing, the circuit court entered an order dismissing Dr. McClena-than as a party to the litigation. In its order, the circuit court noted: “Although Dr. McClenathan is a party to the [BuyOut Agreement], he is not seeking to enforce the terms of that agreement in this action. Instead, the action to enforce the agreement has been brought by [t]he P.A.” The circuit court ruled that because Dr. Reinstein was not seeking a money judgment against Dr. McClenathan and because the P.A. was the only party seeking enforcement of the noncompetition covenants, Dr. McClenathan would be dismissed as a party to the litigation. The circuit court also noted that “Dr. Reinstein may preserve his arguments that Dr. McClenathan individually may have done something improper as a defense to the P.A.’s enforcement action.”
IV. DISCUSSION
On appeal, Dr. Reinstein challenges the circuit court’s order granting partial summary judgment and dismissing Dr. McClenathan as a party to the litigation.[2] Dr. Reinstein’s primary argument concerning the order dismissing Dr. McClenathan as a party is that the Buy-Out Agreement grants Dr. McClenathan the right to seek enforcement of the covenants not to compete. Accordingly, Dr. Reinstein asserts that he is entitled to obtain a declaratory judgment regarding the enforceability of the covenants not to compete that will be *58 binding on both the P.A. and Dr. McClena-than.
In response, Dr. McClenathan contends that he has no adverse or antagonistic interest in the litigation “because he was precluded, by the plain language of the two ... agreements at issue, from enforcing the non-compete covenants as a ‘Shareholder’ once the P.A. elected to do so.” Dr. McClenathan’s argument focuses on the use of the conjunction “or” in the section of the Buy-Out Agreement allowing “the [P.A.] or any Shareholder” to seek damages and equitable relief in the event of a breach of the covenant. In support of his argument, Dr. McClenathan asserts that the word “or” as used in the quoted phrase must be read in the disjunctive, with the result that if the P.A. brings an action to enforce the covenant, the shareholder may not. Based on this close reading of the Buy-Out Agreement, Dr. McClenathan concludes that he is precluded from bringing an action to enforce the covenant not to compete because the P.A. has already brought an action to enforce its rights. Accordingly, he argues, the circuit court properly dismissed him as a party to the litigation. We disagree.
The use of a word in the disjunctive means only that alternative means are expressed. See Ellinwood v. Bd. of Architecture & Interior Design, 835 So.2d 1269, 1270 (Fla. 1st DCA 2003); D.M. v. State, 712 So.2d 1204, 1204 (Fla. 5th DCA 1998) (“The word ‘or’ is generally construed in the disjunctive when used in a statute or rule, and normally means that alternatives were intended.”). But the expression of two alternatives does not require the conclusion that the use of one excludes the use of the other. See Rodriguez v. State, 694 So.2d 96, 97 (Fla. 3d DCA 1997) (“ ‘If a statute makes it punishable to do a particular thing specified, “or” another thing, “or” another, one commits the offense who does any one of the things, or any two, or more, or all of them.’ ” (quoting Edwards v. State, 62 Fla. 40, 56 So. 401, 403 (1911))).
In this case, the use of the word “or” does not describe an action, as is the case with the statutory construction cases cited above and discussed in the parties’ briefs; instead, it joins together two parties — a Shareholder and the P.A. The use of the word “or” grants each of these parties the right to seek an injunction or other relief against contractually proscribed competition by another Shareholder. In this context, we conclude that the right of one of these parties to act may not be precluded simply because the other party has acted first.
We find additional support for our conclusion in the section on remedies in the Buy-Out Agreement that grants the right to seek relief for a breach of the agreement to “the party or parties who are aggrieved thereby.” The reference to enforcement by multiple parties is inconsistent with the idea that the filing of an enforcement action by one party precludes another from doing so.
The circuit court’s order dismissing Dr. McClenathan as a party could also lead to difficulties in the conduct of the litigation between these parties. Dr. McClenathan’s argument that the initiation of enforcement action by one of the parties precludes enforcement action by the other is based on the unarticulated assumption that the P.A. will pursue its enforcement action to judgment and that the resulting judgment will be binding on Dr. McClenathan. We may assume for the purpose of discussion that Dr. McClenathan’s interpretation of the Buy-Out Agreement’s covenant not to compete is correct. Nevertheless, barring the entry of a summary judgment against it, the P.A. might dismiss its enforcement action at any time before submission of this nonjury case to the circuit court for *59 decision. See Fla. R. Civ. P. 1.420(a)(1). In that event, Dr. Reinstein and the P.L. would still be at risk of the filing of a new enforcement action by Dr. McClenathan. Dr. McClenathan’s argument in support of his dismissal from the litigation ignores the practical considerations requiring that Dr. Reinstein obtain a declaratory judgment concerning the enforceability of the covenants not to compete that will be binding on both of his potential adversaries.
Under the Buy-Out Agreement, Dr. McClenathan had the right to seek enforcement of the covenant not to compete against Dr. Reinstein and persons or entities acting in concert with him. It follows that Dr. Reinstein and the P.L. had the right to obtain a declaration of the enforceability of the covenant not to compete that would be binding on Dr. McClenathan as well as on the P.A. Dr. McClenathan could not prevent Dr. Reinstein and the P.L. from obtaining a declaratory judgment that would be binding on him by arranging for only the P.A. to seek enforcement of the covenant not to compete. “[Bjefore any proceeding for declaratory relief is entertained all persons who have an ‘actual, present, adverse, and antagonistic interest in the subject matter’ should be before the court.” Fla. Dep’t of Educ. v. Glasser, 622 So.2d 944, 948 (Fla.1993) (quoting May v. Holley, 59 So.2d 636, 639 (Fla.1952)); see also § 86.091, Fla. Stat. (2004) (“When declaratory relief is sought, all persons may be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceedings.”). Because Dr. McClenathan has an “actual, present, adverse, and antagonistic interest in the subject matter” of the litigation, Dr. Reinstein and the P.L. had the right to obtain declaratory relief that would be binding on Dr. McClenathan.
V. CONCLUSION
The circuit court erred in dismissing Dr. McClenathan from the litigation. Accordingly, we reverse the order granting Dr. McClenathan’s motion for partial summary judgment and dismissing him from the case. We affirm the remaining partial summary judgment under appeal.
Affirmed in part; reversed in part.
NORTHCUTT and CRENSHAW, JJ., Concur.

. Both the P.A. and the circuit court referred to this process as the "reordering” of the parties instead of as realignment.

. A summary judgment dismissing a party defendant from an action is reviewable as a final summary judgment. See Seijo v. Futura Realty, Inc., 269 So.2d 738, 740 (Fla. 3d DCA 1972).