LAGOA, J.
In this consolidated appeal, Citizens Property Insurance Corporation (“Citizens”) seeks review of the following three trial court orders: (1) an order granting, with prejudice, Alexandra Ifergane’s motion to be dismissed as a party; (2) an order granting Haim Ifergane’s motion for partial summary judgment as to coverage; and (3) the subsequent order of final judgment in favor of Haim Ifergane. For the reasons set forth below, we affirm the first order, but reverse the second and third orders.
1. FACTUAL AND PROCEDURAL HISTORY
In 2004, Haim and Alexandra Ifergane, husband and wife (“Haim” and “Alexandra”), jointly purchased a residential property on Venetian Drive in Miami Beach, Florida (“the Property”). The Property, which the Iferganes intended to renovate before moving in, was insured by Citizens under a wind-only dwelling policy.[1] Alexandra was the only named insured on the policy.[2]
The applicable provisions of the policy provide:
4. Your Duties After Loss. In case of a loss to covered property, you must:
[[Image here]]
b. Take the following steps:
(1) Protect the property from further damage; and
(2) Make reasonable and necessary repairs to protect the property;
[[Image here]]
c. As often as we reasonably require:
(1) Show us the damaged property;
(2) Provide us with records and documents we request and permit us to make copies; and
(3) Submit to examinations under oath while not in the presence of any other named insureds and sign the same;
[[Image here]]
Under the terms of the policy, the terms “you” and “your” referred to both the “named insured” and “the spouse if a resident of the same household.”
*193 On October 25, 2005, the Property sustained damage caused by Hurricane Wilma. The Iferganes notified Citizens of the loss within a week, and Citizens began its investigation of the claim.
On November 17, 2005, Alexandra filed for divorce from Haim. As part of a marital settlement agreement, Alexandra executed a quit claim deed on April 4, 2006, assigning to Haim “all the right, title, interest, claim and demand which [she] has in and to the ... [Property]” (hereinafter the “Assignment”).
Citizens made an initial payment on the Hurricane Wilma claim in the amount of $44,955.08. Thereafter, Citizens became concerned that the Property had suffered additional damage that was not covered under the policy and sought to take examinations under oath (“EUOs”) of Haim and Alexandra. Citizens also requested a sworn proof of loss. Citizens sent Alexandra two letters reminding her of the policy exclusions and her duty to mitigate property damage, and reserving its right to deny coverage. Haim complied by providing a sworn proof of loss and sitting twice for an EUO. However, Alexandra refused to comply with Citizens’ requests that she attend an EUO, asserting she was not obligated to do so because she had assigned to Haim all of her rights and interest in the Property.
On March 31, 2008, Citizens notified Alexandra that it could not complete its investigation or determine coverage for the claim because she had not appeared at the requested EUOs. The letter indicated that since it was unclear whether she and Haim were residing in the house together on the date of loss,[3] and because Citizens had not consented to her assignment of the claim, it could not determine whether Haim was an insured under the policy.[4]
On April 8, 2008, Haim made a demand under the policy for appraisal. In response, Citizens in May of 2008 filed an action for declaratory judgment .against the Iferganes, seeking a determination regarding its coverage obligations. As to Alexandra, Citizens’ complaint demanded a declaratory judgment as follows: to determine the validity of the Assignment; to declare that the Assignment does not relieve Alexandra of her policy obligations; to declare that Alexandra is obligated to appear for an EUO and comply with other policy conditions; “to determine the effect of [Alexandra’s] ... breach of the policy” by failing to appear for an EUO and comply with other policy conditions; to declare that the Iferganes failed to mitigate their damages and make temporary repairs to the Property, which constituted a breach of the policy; and to declare that the Iferganes representation that the Property was “tenant occupied” was a material misrepresentation voiding the policy.
Alexandra moved to dismiss the complaint, claiming that because she had assigned to Haim “all her rights and interest (including any insurance claims) via Quit Claim Deed” to the Property, she was not a party in interest. The motion was denied.
Alexandra then moved for summary judgment, requesting that the trial court determine that the Assignment was valid. *194 Citizens also moved for summary judgment, requesting that the trial court determine that Alexandra’s failure or refusal to comply with her policy duties constituted a breach of contract precluding recovery under the policy as a matter of law.
Haim filed a cross-motion for partial summary judgment against Citizens on the coverage issue. Halm argued that the undisputed facts established he was a resident spouse co-insured under the policy, that he had complied with the policy’s post-loss requirements, and that Alexandra’s alleged failure to comply could not be imputed to him, an innocent co-insured, and therefore no breach of contract had occurred as a matter of law.
In October 2008, the trial court granted Alexandra’s motion for partial summary judgment, finding that “the Iferganes intended to transfer interest in the insurance claim from marital property to Haim Ifer-gane.” The trial court’s order, however, did not dismiss Alexandra as a party.
In March 2009, Citizens filed an amended complaint for declaratory relief seeking a declaration as to whether there was a valid and legal assignment of the claim, and if so, whether such assignment relieved Alexandra of her contractual obligations under the policy. The amended complaint alleged no new facts with respect to the validity of the Assignment and contained a prayer for relief identical to that contained in the original complaint. Alexandra again moved to dismiss based on the Assignment of all her rights to Haim, and additionally based on the fact that she never made a claim for insurance proceeds. The trial court granted Alexandra’s motion to dismiss with prejudice.
In addition, Citizens’ prior motion for summary judgment relating to Alexandra’s policy duties was denied, and Haim’s motion for partial summary judgment as to coverage was granted.[5] Haim then moved to compel appraisal, which was granted. After an appraisal award of $476,594.61 was returned, the trial court entered an order of final judgment, confirming the appraisal award (with some stipulated changes), and awarding prejudgment interest, costs and attorney’s fees. This appeal ensued. We address each issue raised on appeal.
II. ANALYSIS
1. The order granting, with prejudice, Alexandra Ifergane’s motion to be dismissed as a party.
With regard to the first issue raised, Citizens argues that the trial court abused its discretion when it granted Alexandra’s second motion to dismiss, where Alexandra had assigned “all the right, title, interest, claim and demand which [she] has in and to the ... [Property]” to Haim and the trial court previously had determined (on Alexandra’s motion for partial summary judgment) that the Assignment was valid.
We find that the trial court did not abuse its discretion. Citizens’ amended complaint alleged no new facts and sought no new relief with respect to Alexandra and the Assignment. The validity of the Assignment was already adjudicated in the trial court’s order granting partial summary judgment, and no justiciable controversy remained between the parties on that issue.
“[T]he test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all.” Meadows Cmty. Ass’n, v. Russell-Tutty, 928 So.2d *195 1276, 1279 (Fla. 2d DCA 2006); see also Laganella v. Boca Grove Golf & Tennis Club, Inc., 690 So.2d 705, 706 (Fla. 4th DCA 1997). A plaintiff is entitled to a declaration where: (1) there is “a bona fide, actual, present practical need” for the declaration; (2) the declaration sought deals with “a present, ascertained or ascertainable state of facts or present controversy as to a state of facts;” (3) an “immunity, power, privilege or right” of the plaintiff depends on the facts or the law that applies to the facts; (4) some persons have an “actual, present, adverse and antagonistic interest” in the subject matter; (5) all persons with an adverse and antagonistic interest are before the court; and (6) the declaration sought does not amount to mere legal advice. Meadows Cmty. Ass’n, 928 So.2d at 1279 (quoting May v. Holley, 59 So.2d 636, 639 (Fla.1952)). “When declaratory relief is sought, all persons may be made parties who have or claim any interest which would be affected by the declaration.” § 86.091, Fla. Stat. (2011).
Citizens was not entitled to declaratory relief against Alexandra because she had no “actual, present, adverse and antagonistic interest” in the subject matter of the amended complaint, which sought to define Citizens’ obligations with respect to the insurance policy and claim for benefits related to Hurricane Wilma. Pursuant to the parties’ Marital Settlement Agreement, Alexandra assigned “all the right, title, interest, claim and demand which [she] has in and to the ... [Property]” to Haim. Post-loss insurance claims are freely assignable without the consent of the insurer. See Lexington Ins. Co. v. Simkins Indus., Inc., 704 So.2d 1384 (Fla.1998); see generally 30B Fla. Jur. 2d Insurance § 1670 (West, current as of Feb. 2012). In Florida, the intent of the parties determines the existence of an assignment. See Boulevard Nat’l Bank of Miami v. Air Metal Indus., Inc., 176 So.2d 94, 97 (Fla.1965) (identifying assignor’s intent to transfer rights or benefits and assignee’s acceptance thereof for good consideration as elements of an assignment); see generally 17 Fla. Prac. Insurance Law § 5:4 (West, current as of Nov. 2011). In the order granting partial summary judgment, entered prior to the filing of Citizens’ amended complaint and Alexandra’s second motion to dismiss, the trial court found that “[t]he Iferganes intended to transfer interest in the insurance claim (Wilma/Venetian) from marital property to Haim If-ergane.”[6] Thus, Alexandra’s assignment of the insurance claim to Haim was valid.
Citizens points to Bethel v. Security National Insurance Co., 949 So.2d 219 (Fla. 3d DCA 2006), Allstate Insurance Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992), and Independent Fire Insurance Co. v. Paulekas, 633 So.2d 1111 (Fla. 3d DCA 1994), as prohibiting Alexandra’s dismissal from the underlying declaratory judgment action. Significantly, these cases did not involve assignments. Bethel was an appeal of a final summary judgment determining that the plaintiff-insurer was under no obligation to pay benefits related to an automobile accident. 949 So.2d at 220. After reversing the summary judgment, the court observed that the insurer did not join a co-insured (the tortfeasor’s wife) in the underlying litiga *196 tion and commented that the declaratory judgment statute required all persons with “an actual, present, adverse, and antagonistic interest in the subject matter” to be before the court. Id. at 223. Because the co-insured was a potential claimant under the liability insurance policy, any coverage determination would affect her interests and her joinder was necessary. See id. In Conde, the court acknowledged that injured parties possessed of a potential claim against an insured “are ... essential parties [to the insurer’s declaratory action] if they are to be bound by the coverage decision.” Conde, 595 So.2d at 1008 n. 6. Similarly, the Paulekas court declined to apply the doctrine of res judicata to bar claims asserted by injured parties against an insurer in a subsequent action for benefits, where the insurer failed to join the injured parties in its prior declaratory action which resulted in a coverage determination in favor of the insurer. Paulekas, 633 So.2d at 1113. The coverage determination was not binding on the injured claimants who were not parties in the earlier suit. Id.
Unlike Bethel, Conde, and Paule-kas, Alexandra’s absence from Citizens’ suit for declaratory relief does not subject Citizens to the threat of future litigation by a potential claimant. Alexandra assigned to Haim any and all rights to benefits under the policy, and she is not and cannot be a potential claimant under the policy. In short, while Alexandra may remain obligated to perform the post-loss duties imposed by the language of the policy, she need not be a party to any coverage decision. See Conde, 595 So.2d at 1008 n. 6; cf. Reinstein v. Pediatric Gastroenterology, Hepatology & Nutrition of Fla., P.A., 25 So.3d 54, 58-59 (Fla. 2d DCA 2009) (holding that doctor/shareholder was improperly dismissed from action by corporation seeking to enforce non-compete agreements against former shareholder, where underlying agreements allowed for non-exclusive enforcement by corporation or doctor/shareholder, and both corporation and doe-tor/shareholder therefore must be joined in action to ensure both of former shareholder’s “potential adversaries” are bound by judgment); Hanover Ins. Co. v. Publix Mkt, Inc., 198 So.2d 346, 348 (Fla. 4th DCA 1967) (affirming trial court’s reformation of insurance policy that erroneously insured “Taft-Hollywood Merchants Association, Inc.,” a corporation that never came into being, instead of “Taft-Hollywood Merchants Association,” an unincorporated association of merchants, and rejecting insurer’s argument that all members of insured merchant association need not be joined in declaratory action seeking coverage determination, where only one member of merchant association had sustained losses within the scope of the policy and was the only member that was also a real party in interest). Bethel, Conde, and Paulekas do not require that Alexandra be joined in the underlying litigation, and the trial court did not abuse its discretion when it dismissed her as a party to this suit.
2. The order of final judgment and the order granting Haim Ifergane’s motion for partial summary judgment as to coverage.
In his motion for partial summary judgment, Haim Ifergane argued he was entitled to summary judgment, as to the issue of coverage, for two reasons: (1) he was a resident insured under the policy; and (2) he was an innocent co-insured, therefore any failure on Alexandra’s part to comply with the policy’s post-loss obligations was irrelevant. The trial court agreed, finding that Haim was a resident spouse, and therefore, entitled to coverage as a matter of law. Because we find there were genu *197 ine issues of material fact as to whether Haim was a resident spouse on the date of loss, and because the Assignment did not relieve Alexandra of her post-loss obligations as a named insured under the policy, we reverse.

a. Resident Spouse

Summary judgment cannot be granted where there exist genuine issues of material fact. Fla. R. Civ. P. 1.510(c); Holl v. Talcott, 191 So.2d 40 (Fla.1966); Am. Bankers Ins. Co. of Fla. v. Nolan’s Garage, Inc., 262 So.2d 727 (Fla. 3d DCA 1972). At Haim’s first EUO on January 14, 2008, he testified that he was living alone at the Venetian Drive property three months before Hurricane Wilma. He recanted this testimony in a subsequent affidavit, where he asserted he was not good with dates, was mistaken during his EUO, and that he lived with his wife at another property on the date of the hurricane. These contradictory statements created genuine issues of material fact as to whether Haim and Alexandra lived together on the date of the hurricane, and the trial court erred in granting summary judgment.

b. Post-Loss Obligations

The Citizens policy at issue requires the named insured and any resident spouse to submit to an EUO, at Citizen’s request. This Court has previously held that an insured’s refusal to submit to an EUO relieves the insurer of its obligation to pay under the policy. Stringer v. Fireman’s Fund Ins. Co., 622 So.2d 145 (Fla. 3d DCA 1993); see also Goldman v. State Farm Fire Gen. Ins. Co., 660 So.2d 300, 303 (Fla. 4th DCA 1995) (stating that “[a]n insured’s refusal to comply with a demand for an examination under oath is a willful and material breach of an insurance contract which precludes the insured from recovery under the policy”).
Although Alexandra assigned her right to benefits under the policy, she did not assign to Haim her obligations under the policy. Marlin Diagnostics v. State Farm Mut. Auto. Ins. Co., 897 So.2d 469, 470 (Fla. 3d DCA 2004) (holding “[t]he obligation to attend an EUO does not shift to the provider merely because the insured assigned her benefits”); Shaw v. State Farm Fire & Cas. Co., 37 So.3d 329, 332 (Fla. 5th DCA 2010) (citing with approval Marlin Diagnostics and holding that “the assignment of a contract right does not entail the transfer of any duty to the as-signee, unless the assignee assents to assume the duty”).
Citizens was entitled to an EUO from Alexandra, its named insured, regardless of the Assignment. Alexandra’s refusal to submit to a requested EUO precludes recovery under the policy, because the EUO stands as a condition precedent to coverage. De Ferrari v. Gov’t Emps. Ins. Co., 613 So.2d 101 (Fla. 3d DCA 1993); Goldman, 660 So.2d at 304 (holding policy provision requiring an insured to submit to an examination under oath is a condition precedent to suit rather than a cooperation clause). Accordingly, it was error for the trial court to grant summary judgment, finding coverage as a matter of law, and to enter final judgment in favor of Haim Ifergane.
Affirmed in part; reversed and remanded in part.

. The effective dates of the policy were June 22, 2005, to June 22, 2006.

. The undisputed evidence established that, although Haim’s name was left off the policy, he paid the premium and the mortgage on the subject property.

. There was confusion as to whether the Ifer-ganes were living together on the date of the hurricane because Haim testified at his first EUO that he was living alone at the Property on the date of the hurricane, and later filed an affidavit asserting that he was living elsewhere with Alexandra on that date.

. Under the terms of the policy, coverage was available to Haim as the spouse of the named insured if, at the time of the loss, he was "a resident of the same household.”

. Citizens' motion for rehearing also was denied.

. Citizens argues that any consideration of the prior order granting summary judgment on the issue of the validity of the Assignment is beyond the four comers of its amended complaint. The trial court’s prior partial summary judgment order resolved the issue of the validity of the Assignment, and the court was not required to ignore its own prior ruling disposing of a claim Citizens merely reasserted in its amended complaint. See Brown v. Progressive Cas. Ins. Co., 392 So.2d 358 (Fla. 4th DCA 1981).