# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1142
Lower Tribunal No. 08-27105
_____

**Haim Michel Ifergane,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Ligman Martin, P.L., and Michael R. Seward and James C. Ligman, for appellant.

Methe & Rockenbach, P.A., and Kara Berard Rockenbach (West Palm Beach), for appellee.

Before EMAS, LOGUE, and LUCK, JJ.

LOGUE, J.

Haim Ifergane, the owner of a Miami Beach residence, appeals a final judgment entered in favor of Citizens Property Insurance Corporation. This case comes before us a second time after we previously reversed the trial court's entry of summary judgment against Citizens and in favor of the homeowner, Ifergane. Because a genuine issue of material fact remains as to whether a letter from Citizens constituted a denial of coverage, we conclude that summary judgment was improper and we reverse and remand for further proceedings.

Haim Ifergane and his now former wife, Alexandra Ifergane, purchased the Miami Beach residence in 2004. The property was insured by a Citizens wind-only dwelling policy, and Alexandra was the only named insured on the policy. Hurricane Wilma damaged the property in October 2005, and the Iferganes initiated a claim with Citizens. Meanwhile, the Iferganes entered into a marital settlement agreement. Based on the agreement, Alexandra assigned to Haim all her "right, title, interest, claim and demand" in the property.

Citizens made an initial payment of $44,955.08 on the claim. When Haim requested additional payment, Citizens requested a sworn proof of loss and sought examinations under oath of both Haim and Alexandra. Haim complied; Alexandra did not. Citizens notified Alexandra that without her examination under oath (EUO), it could not complete its investigation of the claim or determine whether

2

Haim was entitled to coverage under the policy as a "resident spouse" at the time of loss.

In April 2008, Haim made a demand for appraisal under the policy. Citizens filed a declaratory action against the Iferganes, seeking a determination of its coverage obligations. As we explained in detail in Citizens Property Insurance Corp. v. Ifergane, 114 So. 3d 190 (Fla. 3d DCA 2012) (Ifergane I), the parties filed several motions and cross-motions. The trial court granted Alexandra's motion for partial summary judgment, finding that she had assigned her interest to the insurance claim to Haim. It later granted her motion to dismiss the complaint against her, finding she was not a party to the lawsuit. It denied Citizens' motion for summary judgment which argued that recovery was precluded under the policy because Alexandra refused to comply with policy duties. The trial court also granted Haim's motion for summary judgment as to coverage. Ultimately, after compelling appraisal, the trial court entered a final judgment against Citizens, awarding Haim the appraised amount of $476,594.61. Citizens then filed the first appeal in this case.

On appeal in Ifergane I, this court concluded that the complaint against Alexandra was properly dismissed. But we reversed the summary judgment entered in favor of Haim because the assignment did not relieve Alexandra of her post-loss obligations as a named insured under the policy. Accordingly, we

3

concluded that it was error for the trial court to find coverage as a matter of law because "Alexandra's refusal to submit to a requested EUO precludes recovery under the policy." Ifergane I, 114 So. 3d at 197.

On remand, Citizens moved for summary judgment based on this court's holding that Alexandra's refusal to submit to a requested examination under oath precludes recovery. In opposition, Haim argued that factual issues remained to be determined by the trial court, including whether a June 28, 2007 letter that Citizens sent to Alexandra Ifergane was a letter of denial of coverage. The trial court entered final summary judgment in favor of Citizens, and this appeal followed.

We again reverse and remand for further proceedings in the trial court because a material issue of fact remains as to whether the letter from Citizens to Alexandra Ifergane was a denial letter.[1] On one hand, there is a reasonable inference that the letter contains a typographical error and the sentence that reads, "By stating the above reason or denial, Citizens Property Insurance Corporation does not intend to waive any other rights," should be read as, "By stating the above reason for denial . . . ." (Emphasis added.) This inference supports a finding that the letter is a denial. On the other hand, subsequent correspondence between the parties indicate that Citizens continued to adjust and investigate the claim, which

---

[1] Haim Ifergane raised this issue in his answer to the first appeal in this case, but it was ultimately not germane to this court's narrow disposition in Ifergane I, 114 So. 3d at 194-97.

4

supports an inference that the letter is not a denial. Accordingly, the issue of whether the letter is a denial or not is an issue of fact that must be resolved by a factfinder. Because there is a genuine material issue of fact based on the conflicting evidence, this point cannot be resolved by summary judgment.

It is necessary to resolve this issue because should the factfinder determine that Citizens' letter was a denial of coverage letter, then as a matter of law, Citizens waived any right it had to enforce the insured's post-loss conditions— including the right to take Alexandra's examination under oath. See, e.g., Wegener v. Int'l Bankers Ins. Co., 494 So. 2d 259, 259 (Fla. 3d DCA 1986) (concluding as a matter of law that "the effect of the . . . repudiation of coverage was to waive any right to insist upon the insureds' . . . compliance with the various conditions to recovery"); Castro v. Homeowners Choice Prop. & Cas. Ins. Co., No. 2D15-5456, 2017 WL 3614102, at *2 (Fla. 2d DCA Aug. 23, 2017) ("When an insurance carrier investigates a claim of loss and denies coverage because it concludes that a covered loss has not occurred, the insurance carrier cannot assert the insured's failure to comply with the policy's conditions precedent to filing suit as a basis for summary judgment."). If the letter was not a denial, but a request for further information, then Citizens did not waive its right to demand an EUO, and under our prior decision in Ifergane I, Alexandra's noncompliance precludes

5

coverage.  Accordingly, we reverse the final judgment entered in favor of Citizens and remand for further proceedings consistent with this opinion.

Reversed and remanded.