80 So.2d 675 (1955)
William BUSBY, Appellant,
v.
WINN & LOVETT MIAMI, INC., a Florida corporation, d/b/a Kwik Chek, Appellee.
Supreme Court of Florida. Special Division A.
June 1, 1955.
*676 John Red Lake, Miami, for appellant.
Blackwell, Walker & Gray, Miami, for appellee.
DREW, Chief Justice.
Appellant, plaintiff below, sought damages for loss of services, consortium and companionship of his wife and for medical expenses incurred by him on her behalf, all alleged to be the result of injury to the wife caused by the negligence of appellee. Motion to dismiss was duly made by the defendant and granted by the court. It is from that order that this appeal is taken.
It is clear from the language used by the trial court in its order that it was of the opinion that the husband's cause of action was "derivative of that of the wife," and that the complaint was dismissed solely because the wife had not participated in the action. This view was erroneous. A tort of a third person which causes personal injury to a married woman gives rise to two causes of action  one for her own personal injuries and the other for the husband's loss of her society and services and for medical expenses incurred by him on her behalf. The two causes of action are separate and distinct and the husband's action may be maintained without joinder of the wife. Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780. See Womach v. City of St. Joseph, 201 Mo. 467, 100 S.W. 443, 10 L.R.A.,N.S., 140; 41 C.J.S. Husband and Wife, § 401, page 890; 27 Am.Jur. 116, Sec. 516.
Reversed.
TERRELL, SEBRING and THORNAL, JJ., concur.