RAWLS, Judge.
Lola Wylene O’Quinn, an unemployed married woman living with and supported *540 solely by her husband, sustained personal injuries when her car was struck by one of defendant’s trucks. Without being joined by her husband, she brought this action seeking damages for personal injuries, pain and suffering, past and future medical expenses and drugs and medical supplies. Plaintiff testified that she paid some of the smaller bills. During the trial, after the foregoing facts had been elicited, the trial judge instructed the jury that if they were to find a verdict for the plaintiff “ * * * y0U are n0(- ⅜-o include in that verdict any phase of the expense, the doctor bills, hospital bills, and those other money items, the X-rays and the corset situation that we have heard about.” The jury returned a verdict in favor of plaintiff for $1,000; judgment was entered; motion for a new trial on damages only was denied; and plaintiff appealed.
We rephrase plaintiff’s two points on appeal into the following point:
Whether a married woman, living with her husband and deriving all of her income from him, may in a tort action in which her husband has not been joined, recover past and future out-of-pocket expenses consisting of bills for medical treatment, drugs and medical appliances which were incurred as a proximate result of defendant’s negligence.
Plaintiff primarily asserts and relies upon F.S. Section 708.08, F.S.A., which she terms “The Married Woman’s Emancipation Act” as authority for her position and cites authorities from other jurisdictions. Our examination of the salient provisions of the subject act, disclose authority for the wife “ * * * to take charge of, and manage and control her separate property, to contract and to be contracted with, to sue and be sued * * [Emphasis supplied.] In no instance in this cause has the wife alleged or testified that she possessed any separate property or that she has obligated any separate property for the out-of-pocket expenses. To the contrary, the plaintiff wife testified at a pre-trial deposition that her husband made arrangements for her medical treatment and that they are his debts because she didn’t work.
This jurisdiction recognizes two causes of action in this type of proceeding. The wife’s action is one for personal pain and suffering. The husband’s is for loss of her society and medical and nursing expense.[1] These are separate and distinct causes of action which may be maintained without the joinder of the other.[2] The common law rule under the factual situation of this case, has not been abrogated by F.S. Chapter 708, F.S.A., Married Women’s Property Act,[3] because the act relates to the separate estate of the wife, and it has not been shown that this plaintiff possessed any separate estate which was liable for the medical expenses incurred.
A review of the cases of foreign jurisdiction cited by plaintiff are readily distinguishable from the factual matters presented here. Some of the decisions are based upon the theory of community property which is not recognized in this jurisdiction; others are founded upon factual situations involving an estranged wife who was independently employed or similar distinguishable facts. We see no reason to plow new ground in this cause and thereby vary the long established rule of this jurisdiction that two separate and distinct causes of action exist.
Affirmed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780 (1931).

. Busby v. Winn & Lovett Miami, Inc., 80 So.2d 675 (Fla.1955).

. See Ripley v. Ewell, 61 So.2d 420 (Fla.1952).