265 So.2d 72 (1972)
Ellene B. RESMONDO, Plaintiff,
v.
INTERNATIONAL BUILDERS OF FLORIDA, INC., a Corporation, et al., Defendants.
No. Q-351.
District Court of Appeal of Florida, First District.
July 25, 1972.
*73 Roderic G. Magie, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for plaintiff.
Charles R. Timmel, of Timmel, Handley & Campbell, Fort Walton Beach, for defendants.
PER CURIAM.
Pursuant to Florida Appellate Rule 4.6, 32 F.S.A., the Circuit Court of the First Judicial Circuit for Escambia County has certified the following question to this Court, to wit:
"Where a husband is injured as a result of alleged negligence as a result of an accident which occurred on or about August 18, 1967, the husband subsequently files suit which such suit is subsequently settled in December, 1969 by stipulation and entry of consent judgment without a finding of fault and cancellation of such judgment as attached hereto, may the wife of the defendant at the time of the accident and settlement maintain a cause of action for loss of care, affection and consortium following settlement of such prior suit?"
The trial court in its order of certification, after citing Gates v. Foley,[1] stated: "... this Court being of the opinion that such case is not clear precedent to the issues herein and that there is no other controlling precedent upon which to determine the issues herein ..." We agree with the trial court and therefore entertain the question as certified.
Prior to the Supreme Court's decision in Gates, this State clearly followed the common law doctrine that a wife did not possess a cause of action for loss of consortium.[2] Just as clearly, however, did Gates abrogate the prior decisions of the Supreme Court and establish a right of action on the part of a wife for loss of consortium. The following statement in Gates creates the lack of controlling precedent as to the instant cause:
"... We further hold that her right of action is a derivative right and she may recover only if her husband has a cause of action against the same defendant. This means that the tort-feasor was negligent and the husband was free from contributory negligence."
Here, the statement of facts reflect that a consent judgment was entered in favor of the husband against the same defendant. The said judgment did not find that the defendant tort-feasor was negligent and the husband was free from contributory negligence. Thus, the ultimate question is: Did the instant judgment abate the wife's cause of action? We conclude that it did not. The wife's claim is actionable against the same defendant; however, under the stated facts, upon trial, she must not only prove the damages sustained by *74 her for loss of consortium but must also prove the negligence of the alleged tort-feasor and the lack of contributory negligence on the part of the husband.
The question certified is answered in the affirmative.
SPECTOR, C.J., and CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] Gates v. Foley, 247 So.2d 40 (Fla. 1971).
[2] Ripley v. Ewell, 61 So.2d 420 (Fla. 1952).