291 So.2d 55 (1974)
Clifton Whitney RYTER, Appellant,
v.
Bertha Meisler BRENNAN, Appellee.
No. S-319.
District Court of Appeal of Florida, First District.
February 28, 1974.
Rehearing Denied March 28, 1974.
*56 James R. Caldwell, Jr., and Thom Rumberger, of Pitts, Eubanks, Ross & Rumberger, Orlando, for appellant.
Eric E. Wagner, St. Petersburg, for appellee.
RAWLS, Chief Judge.
The instant lawsuit resulted from an automobile accident which occurred on July 9, 1968, in Marion County, and as a result thereof plaintiff-appellee Brennan and her husband allegedly suffered injuries. Appellant Ryter was the driver of one vehicle in which appellee and her husband were passengers. Appellee's husband sued appellant, a Mr. Glazener (owner of the other vehicle involved in the accident) and the driver of the Glazener vehicle. Prior to trial, the husband's suit was settled and in consideration of the sum of $40,000.00 a general release was executed by the husband in favor of appellant releasing all claims which the husband, his heirs, executors and administrators did or might have against appellant which arose out of the subject accident. Subsequently, appellee Brennan on January 26, 1971, filed the instant complaint against her host driver, Ryter, by which she claimed damages by the following allegations: 1) She had personally incurred injuries, medical expense, and a permanent handicap; 2) that she had been deprived of her husband's support, his probable future earnings and acquisitions, his services in assisting for the care of the family, and of the comfort and society of her good husband of high moral character and industrious habits. The trial court granted appellant's motion to strike those allegations pertaining to the death of appellee's husband and as to her loss of consortium.
At the outset of trial, appellee's attorney began questioning the jury panel on voir dire as to their feelings concerning appellee's deprivation of the care, comfort and society and loss of consortium of her husband. After strenuous objection by appellant in the absence of the jury, the trial judge concluded that appellee had the right to maintain an action for loss of consortium and amended the pleadings accordingly. On occasions throughout the trial, witnesses and counsel commented upon the nexus of the accident and the husband's death, and the trial judge consistently ruled that this was not a matter to be decided by the jury as it had been determined at a pre-trial hearing. However, the trial judge over appellant's vigorous objection in his instructions to the jury on the question of damages stated, inter alia:
"... any loss by reason of the injuries and subsequent death of her husband, Gerald Brennan, and of his services, comfort, society and attention in the past and in the future." [Emphasis supplied.]
The two salient points on appeal are basically whether appellee could recover: 1) for loss of consortium, and 2) for the wrongful death of her husband.
We first consider the loss of consortium question. On April 7, 1971, in Gates v. Foley[1] the Florida Supreme Court overruled the common law and its prior decisions that a wife did not have a cause of action for loss of consortium. The Court carefully defined the damages recoverable as "the companionship and fellowship of husband and wife and the right *57 of each to the company, cooperation and aid of the other in every conjugal relation." This Court in Resmondo v. International Builders[2] construed Gates as holding that even though a consent judgment had been entered in favor of the husband against a defendant that the wife's cause of action for loss of consortium had not been abated. However, we pointed out that the wife's action was dependent upon proof of negligence on the part of defendant, and in that sense was derivative from the husband. The "derivative language" in Gates does not abate the cause of action vested in the wife where, as here, the husband executes a release. The wife owns the cause of action. It is her property right in her own name.
A more troublesome problem is the retrospective application of this newly created cause of action now bestowed unto the wife. The instant accident occurred on July 9, 1968, and on that date, the wife's cause of action accrued. On said date, the law of this jurisdiction did not recognize a cause of action by a wife for loss of consortium. On May 14, 1970, all claims on the part of the husband were settled between the parties  the wife on said date had not been endowed with a cause of action for loss of consortium. On January 26, 1971, the wife filed the instant suit, and on said date this jurisdiction had not been enlightened. Logic and reason would dictate a conclusion that the rights of the parties were fixed long prior to the one hundred and eighty degree turn by our Supreme Court, but such is not the decisional law. The Third District Court of Appeal in Ingerson v. State Farm Mutual,[3] citing extensive Florida cases in support of their thesis, held:
"If a change in the law, after judgment and pending the appeal therefrom, calls for reversal of the judgment and remand of the cause for amendment of the pleadings and reconsideration or retrial of the cause on the changed law as being controlling, then a fortiori where a change in the law material to the cause of action and possibly to the outcome of a cause occurs during the pendency of the cause and prior to judgment, on an appeal from a judgment consequent upon pleadings and trial based on the law as it was prior to such change thereof, the judgment should be reversed and the cause remanded for reconsideration or retrial in accordance with the law as changed." [Emphasis supplied.]
Pursuant to Gates and Ingerson, the wife possesses a cause of action for loss of consortium for which she is entitled to pursue.
The Courts' broad charge that the wife could recover for "any loss by reason of the injuries and subsequent death of her husband, Gerald Brennan" [Emphasis supplied.] was erroneous, in that it injected elements of wrongful death into the lawsuit. As stated above, the husband executed a comprehensive release[4] in favor of appellant that encompassed any subsequent claims for wrongful death, and the instruction that injected such issue in the trial constituted error.
The judgment appealed is reversed with directions to grant a new trial in which the *58 wife may prosecute her individual claims for her personal injuries and her loss of consortium.
Reversed and remanded with directions.
WIGGINTON and CARROLL, CHARLES A., Associate Judges, concur.
NOTES
[1] Gates v. Foley, 247 So.2d 40 (Fla. 1971).
[2] Resmondo v. International Builders of Florida, Inc., 265 So.2d 72 (1 Fla.App. 1972).
[3] Ingerson v. State Farm Mutual Automobile Ins. Co., 272 So.2d 862 (3 Fla.App. 1973). See also Goodfriend v. Druck, Fla., 289 So.2d 710, Opinion filed January 10, 1974.
[4] Pertinent parts of the release are as follows: "... That the said and undersigned Gerald Brennan, for and in consideration of the sum of Forty Thousand Dollars ... does hereby remise, release and forever discharge Clifton Whitney Ryter ... from any and all manner of action and actions, suits, sums of money, trespasses, controversies, agreements, damages, claims and demands ... the undersigned Gerald Brennan, his heirs, executors and administrators can, shall or may have, upon or by reason of the said collision of July 9, 1968... ."