555 So.2d 876 (1989)
Janet S. TAYLOR, et al., Appellants,
v.
ORLANDO CLINIC, Gary Young, et al., Appellees.
Nos. 89-14, 89-15, 89-16, 89-17 and 89-18.
District Court of Appeal of Florida, Fifth District.
November 22, 1989.
Rehearing Denied January 25, 1990.
*877 Sammy Cacciatore of Nance, Cacciatore, Sisserson & Duryea, Melbourne, and T.G. LaGrone of T.G. LaGrone & Associates, P.A., Orlando, for appellants.
Kimberly A. Ashby and Charles W. Abbott of Maguire, Voorhis & Wells, P.A., for appellee Young.
Brian D. Stokes of Taraska, Grower, Unger & Ketcham, P.A., Orlando, for appellees James J. Linville, M.D., and Calabrese & Linville, M.D., P.A.
COWART, Judge.
Alleging personal injuries resulting from medical malpractice, a patient filed a negligence action against appellee health care providers. The patient's wife joined in the action alleging her cause of action for loss of consortium arising out of the same medical malpractice. Thereafter the patient died allegedly as a result of the personal injury which was the basis for the pending negligence action. A suggestion of death was filed of record on March 21, 1988. No motion for substitution was made within 90 days after the recorded suggestion of death, which 90 day period expired on June 19, 1988. On September 2, 1988, the personal representative of the deceased patient's estate filed a motion for leave to amend the complaint to substitute a wrongful death action under section 768.18, Florida Statutes, for the personal injury action. On September 7, 1988, the personal representative filed a separate wrongful death action against appellee health care providers. Thereafter, in the original negligence action, the trial court denied the motion for leave to amend and, upon the appellee's motion, based on Florida Rule of Civil Procedure 1.260(a)(1),[1] dismissed that action *878 because a motion for substitution was not made within 90 days after the patient's death was suggested of record. Thereafter, upon the appellee's motion, the trial court dismissed the separate wrongful death action because it "constitute[d] an impermissible splitting of the cause of action" [set forth in the original negligence action]. The patient's wife, individually and as the personal representative of the patient's estate, appeals. We reverse.
There are three separate causes of action involved in this case: (1) the patient's common law personal injury cause of action for negligence; (2) the patient's wife's derivative cause of action for loss of consortium and (3) a wrongful death action under sections 768.16-768.27, Florida Statutes.
The patient's original personal injury action was viable when filed but was extinguished by the patient's death when it was not reduced to judgment before the patient died.
The wife's cause of action for loss of consortium, while derived from the personal injury to the husband, survives the death of her husband-patient, whose own personal injury action did not survive his death. Busby v. Winn & Lovett Miami, Inc., 80 So.2d 675 (Fla. 1955); Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA 1988), rev. denied, 531 So.2d 1354 (Fla. 1988). See also, Ryter v. Brennan, 291 So.2d 55 (Fla. 1st DCA 1974), cert. denied, 297 So.2d 836 (Fla. 1974); Resmondo v. International Builders of Florida, Inc., 265 So.2d 72 (Fla. 1st DCA 1972). It was error to dismiss the wife's cause of action for loss of consortium.
The wrongful death action filed by the personal representative is an independent cause of action based on sections 768.16-768.27, Florida Statutes. Nissan Motor Co., Ltd. v. Phlieger, 508 So.2d 713 (Fla. 1987).
While the original personal injury negligence action was, and the two other actions are, based in part on the same allegations of medical negligence, and the wife's consortium action derives from the husband's injury, the three causes of action are entirely independent and different in many significant ways. The personal injury cause of action for negligence is based on the common law; the cause of action for wrongful death is provided by statute (§ 768.19, Fla. Stat.). The negligence action requires a personal injury but not a death; the wrongful death action requires a death but not necessarily a death caused by negligence. The negligence action accrues at the time of the negligent act; the wrongful death action accrues at the time of the death. The negligence action is in favor of the person injured; the wrongful death action is in favor of the decedent's estate and statutorily designated survivors. The measure of damages in a personal injury negligence action is different from the damages provided by section 768.21, Florida Statutes, for a wrongful death. In effect, both causes of action cannot exist at the same time because the cause of action for wrongful death does not accrue until the death which is the very event that extinguishes the personal injury cause of action that theretofore existed in favor of the negligently injured person.
At common law real actions, contract actions (actions on express or implied contracts) and actions for wrongs which damaged or diminished the decedent's property, survived the plaintiff's death, but actions for personal wrongs and personal injuries were considered "personal" causes of action and died with the person.[2] The common law rule that personal causes of action die with the person has been generally abrogated by section 46.021, Florida Statutes, which states:
No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law.
*879 Despite this statute, the decedent-patient's personal injury negligence action did not survive his death because section 768.20, Florida Statutes, a part of the wrongful death act, specifically provides:
When a personal injury to the decedent results in his death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate.
Florida Rule of Civil Procedure 1.260(a)(1) provides a revivor procedure for substituting parties in a case involving a cause of action which survives the death of a party. That rule imposes a 90 day limit within which a motion for substitution of parties must be made after the death is suggested upon the record. This time limitation likewise relates only to actions that survive the death of a party and does not apply here where the personal injury action did not survive the death allegedly caused by the personal injury resulting from medical malpractice. Rule 1.260(a)(1) provides for a substitution of parties to an action in which the cause of action survives the decedent party and is not available to substitute one cause of action for another. Therefore, the trial court's action in dismissing the deceased patient's personal injury medical malpractice action was proper, not because the motion to substitute a wrongful death action was not made within the 90 day rule time limitation but because the motion erroneously attempted to substitute a wrongful death action for the abated personal injury negligence action. The presumption on appeal in favor of the correctness of the trial court's ruling applies in the form of the rule that a trial court should be upheld if it is correct on any ground or for any reason although an incorrect reason or ground is given by the trial court for its holding.[3]
There is an uncodified court-made rule against the splitting of a cause of action which prohibits the owner of a cause of action from dividing or splitting a single cause of action so as to make it the subject of several actions without the consent of the defendant. As demonstrated above, the patient's personal injury negligence action was essentially different and distinct from the statutory wrongful death action;[4] therefore, the trial court erred in dismissing the separately filed wrongful death action on the ground that it constituted an impermissible splitting of the previously filed and abated personal injury negligence action.
Accordingly, the order dismissing the abated personal injury negligence action is affirmed but the order dismissing the wife's loss of consortium cause of action and the separately filed wrongful death action is reversed.
AFFIRMED in part; REVERSED in part, and REMANDED. DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.260(a)(1) provides:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in Rule 1.080 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.
[2] Actio personalis moritur cum persona.
[3] This application of the presumption in favor of a trial court is sometimes called the "Tipsy Coachman" rule. See n. 3 of the dissent in Holland v. Holland, 458 So.2d 81 (Fla. 5th DCA 1984).
[4] Hopefully the distinction between these two civil causes of action is clear and will not invoke the current confusion involved in distinguishing between substantively similar and substantively different criminal causes of action in the context of the constitutional double jeopardy limitation on multiple convictions involving the same offense and in the context of the constitutional due process limitations on convicting a defendant of a crime the elements of which are not charged in the charging document.