BENTON, J.
We are asked to decide whether the trial court erred in deciding to revisit the distribution of property it had ordered in a dissolution case, on the stated ground that a “recessionary economy was totally unforeseen.” Barbara W. Mistretta appeals the order granting Robert G. Mistretta’s verified amended motion for rehearing “(Count One) for a new trial,” and ordering “a rehearing upon all issues.” We reverse and remand.
In the final judgment dissolving the Mis-trettas’ marriage, entered on August 25, 2008, the trial court used October 31, 2007, as the “date for determining value of assets,” § 61.075(7), Fla. Stat. (2008), for purposes of equitable distribution. The trial court distributed one of the parties’ principal assets, Jerry’s Cajun Cafe and Market, Inc. (the business), to Mr. Mis-tretta (on condition that he indemnify and hold Ms. Mistretta harmless for the business’s liabilities); determined the business’s value to be $845,000 on October 31, 2007; and ordered Mr. Mistretta to make a cash “equalization payment” to Ms. Mis-tretta in an amount based largely on the $845,000 value of the business on October 31, 2007.
Mr. Mistretta sought reconsideration, serving a timely motion for rehearing on September 3, 2008. See Fla. R. Civ. P. 1.530(b) (“motion for new trial or for rehearing shall be served not later than 10 days after ... the date of filing of the judgment in a non-jury action”). The motion for rehearing conceded that “Former Wife [had] clearly established the value of the corporate entity [the business] by competent, substantial evidence.” The motion did not request an opportunity to adduce additional evidence or seek a different valuation date. Instead, in eleven of fourteen numbered paragraphs, the motion argued that half of the business was Mr. Mistret-ta’s non-marital property and, in effect, that the lack of evidence identifying what appreciation during the marriage was attributable to “the expenditure of marital funds or labor, including the parties’ management, oversight, or contribution to principal,” Stevens v. Stevens, 651 So.2d 1306, 1307 (Fla. 1st DCA 1995) (citing Young v. Young, 606 So.2d 1267, 1270 (Fla. 1st DCA 1992)), should not work to his disadvantage.
Before the motion for rehearing had been acted on, Mr. Mistretta filed an amended motion for rehearing[1] on March 2, 2009, alleging that an economic recession began in December of 2007; that this caused the business to sustain a net loss of $57,674.87 in 2008; and that this “newly discovered evidence” warranted a new trial and revaluation of the business. Ms. Mis-tretta’s argument to the contrary[2] notwithstanding, we assume for purposes of *208 decision that there was no procedural barrier to the trial court’s considering the amended motion.
On April 6, 2009, the trial court entered the order now before us for review, granting Mr. Mistretta’s amended motion for rehearing, explaining:
At the time of the final hearing, March 18, 19 and 20, 2008, the economy was in a down turn and the effects of the recession, which was essentially unknown to the Court, counsel and various experts who provided testimony to the Court. The Court is satisfied that as a Court of equity, it should permit a rehearing as requested by the Former Husband inasmuch as to do otherwise might prove inequitable. The present recessionary economy was totally unforeseen; no one could reasonably anticipate the severity of same.
The order does not explain why the “various experts who provided testimony” were more likely to predict future economic conditions accurately on rehearing.
“As a general rule, the standard of review applicable to a ruling on a motion seeking a new trial is abuse of discretion. ... However, when a motion for new trial addresses only issues of law, the standard of review is essentially de novo.” State Farm Mut. Auto. Ins. Co. v. Williams, 943 So.2d 997, 999-1000 (Fla. 1st DCA 2006) (citations omitted). Rehearing or new trial based on newly discovered evidence “is warranted where (1) it appears that the evidence is such that [it] will probably change the result if a new trial is granted, (2) the evidence has been discovered since the trial, (3) the evidence could not have been discovered before the trial by the exercise of due diligence, (4) the evidence is material to the issue, and (5) the evidence is [n]ot merely cumulative or impeaching.” Bray v. Elec. Door-Lift, Inc., 558 So.2d 43, 47 (Fla. 1st DCA 1989) (citation omitted).
Importantly, the allegedly “newly discovered evidence” cannot simply show some change in circumstances since the trial. See Dulle v. Dulle, 325 So.2d 441, 442 (Fla. 3d DCA 1976) (affirming denial of former husband’s postjudgment motion for rehearing on basis of allegedly newly discovered evidence, viz., that former wife took the children out of state and refused former husband visitation rights, stating: “It affirmatively appears that the relief sought by the husband is by way of a petition for modification based on a change of circumstances rather than rehearing. It is clear that the matters of which the husband complains happened after the final judgment and were not existent prior to or at trial.”). In the present case, the allegedly “newly discovered evidence” — evidence of an economic recession that began in December of 2007, months or weeks after the valuation date, and operating results for the year 2008 — tends to prove a change in circumstances occurring after the October 31, 2007, date of valuation, and relates, at least in part, to events that transpired after the trial.
Projections of future revenues and cash flows are, of course, pertinent, in assessing the value of a business. But projections of future revenues, expenses and income necessarily depend, not only on known or knowable facts already in existence, but *209 also on assumptions about the future that will not always, if ever, be entirely accurate. See generally Jennifer G. Feingold, Robert M. Glucksman & Steven B. Epstein, Business Valuations in Light of Thornhill, 38 Colo. Law. 77, 79 (Aug. 2009) (noting, with respect to business valuation under the income approach, “forecasting future cash flows may be speculative”); John O. McDougall & George W. DuRant, Business valuation in family court, 13 S.C. Law. 15, 16 (Sept./Oct. 2001) (“Reliability of the income approach depends upon the reasonableness and credibility of assumptions about future opei’ations and financial results.”); John E. Barrett, Jr., Valuing the Small Business in Litigation, 48 R.I. B.J. 9, 13 (Oct. 1999) (“The equity cost of capital estimation is far from a precise science. We should avoid a tendency toward spurious accuracy.”). Economic recessions, like other vagaries in the business cycle, are contingencies appraisers must take into account in valuing a business.
The witnesses who appraised the business by assigning it a value as of October 31, 2007, made assumptions about the business’s prospects then, doubtless informed by the actual experience between October 31, 2007, and mid-March of 2008, when they testified on the question. On August 25, 2008, when final judgment was entered, economic conditions had presumably changed again, and it is certainly true that the parties’ experts might not have predicted the precise economic conditions on April 6, 2009, the day the order under review was entered, or, for that matter, the reported improvements in economic conditions since. But a cloudy crystal ball is no basis for a new trial. That the future in fact unfolds differently than business appraisers assume cannot be a basis for a new trial on the value of a business if trials on such issues are ever to yield reliably final adjudications.
Reversed and remanded.
CLARK, J., concurs; KAHN, J., dissents with opinion.

. At proceedings held March 23, 2009, Ms. Mistretta objected to the trial court's hearing the motion on grounds Mr. Mistretta had not sought leave of court to amend his original motion for rehearing. Mr. Mistretta then made an ore tenus motion to amend the motion for rehearing. The trial court granted the ore terms motion, reasoning, "I think this is an exceptional circumstance that could not have been known, and I think that it’s contained within the rule for a motion for rehearing.” A timely motion for rehearing "may be amended to state new grounds in the discretion of the court at any time before the motion is determined.” Fla. R. Civ. P. 1.530(b).

. A timely motion for rehearing vests the trial court with jurisdiction to "open the judgment ..., take additional testimony, and enter a new judgment.” Fla. R. Civ. P. 1.530(a) ("On *208 a motion for a rehearing of matters heard without a jury, ... the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment.”). But Ms. Mistretta contends the trial court effectively allowed an untimely motion for new trial and rejects the contention that “COUNT ONE (NEW TRIAL)” of her former husband's verified amended motion for rehearing should relate back to his original, timely motion for rehearing.