WALLIS, J.
Margaret Randall (“Appellant”) appeals the trial court’s orders that: (1) dismissed her late husband, Barry Randall’s (“Randall”) personal injury action against Walt Disney World Co. and Walt Disney Imagineering Research & Development, Inc. (“Appellees”); and (2) dismissed with prejudice Appellant’s loss-of-consortium claim. In this appeal, we address only whether a surviving spouse’s loss-of-consortium claim can survive the death of the deceased spouse. Although we have previously addressed this issue in Taylor v. Orlando Clinic,[1] we write to clarify this court’s precedent.
In 2006, Randall and Appellant visited Appellees’ theme park and rode a roller coaster, which allegedly caused injuries to Randall’s neck and head. In 2008, Randall and Appellant jointly filed a personal injury action with a loss-of-consortium claim against Appellees. In 2010, during the pendency of the personal injury action, Randall died. The parties dispute the cause of his death, as a result of either injuries sustained on the roller coaster or an unrelated cause. In 2011, Appellant filed a suggestion of death, but she failed to move under Florida Rule of Civil Procedure 1.260 to substitute herself as personal representative within 90 days after filing the suggestion of death to maintain Randall’s personal injury action. The trial court then dismissed the personal injury action and the loss-of-consortium claim.[2] Appellant filed a motion for rehearing, raising the loss-of-consortium issue, which the trial court denied.
We review a denial of a motion for rehearing under an abuse of discretion standard. Karimi v. Karimi, 867 So.2d 471, 473 (Fla. 5th DCA 2004). However, where the motion for rehearing addresses *1120 only issues of law, “the standard of review is essentially de novo.” Mistretta v. Mistretta, 31 So.3d 206, 208 (Fla. 1st DCA 2010) (quoting State Farm Mut. Auto. Ins. Co. v. Williams, 943 So.2d 997, 999-1000 (Fla. 1st DCA 2006)).
This court has previously held that “[t]he wife’s cause of action for loss-of-consortium, while derived from the personal injury to the husband, survives the death of her husband-patient, whose own personal injury action did not survive his death.” Taylor, 555 So.2d at 878. The third district certified conflict with Taylor and held that a cause of action for loss-of-consortium does not survive the death of the injured spouse. ACandS, Inc. v. Redd, 703 So.2d 492, 494 (Fla. 3d DCA 1997). Very recently, the Florida Supreme Court disapproved Taylor to the extent it was inconsistent with Capone. See Capone, 116 So.3d at 378.
We first address the supreme court’s recent holding in Capone and its impact on Taylor. In Capone, the supreme court addressed whether, after a party plaintiffs death, a personal injury action can be amended to add a wrongful death claim and substitute the personal representative of the estate as the party.[3] Id. at 373. The supreme court held that Florida’s Wrongful Death Act, section 768.19, Florida Statutes (2008), did not require dismissal of a pending personal injury action. Id. at 377. Instead, the act required the pending case to be suspended until the estate’s personal representative was added as a party and given the opportunity to amend the complaint. Id. In Capone, the supreme court then provided only that it “disapprove^] ... Taylor ... to the extent it is inconsistent with this opinion.” Id. at 378. In Taylor, this court: (1) affirmed the order dismissing the deceased husband’s abated personal injury negligence action; and (2) reversed the order dismissing both the wife’s loss-of-consortium claim and separately filed wrongful death action. 555 So.2d at 878. Capone ⅛ holding that the act did not require dismissal only disapproves our treatment in Taylor of the order dismissing a personal injury action. Importantly, the supreme court neither addressed whether a loss-of-consortium claim survives death nor mentioned the conflict between this court and the third district. Accordingly, Capone disapproved Taylor on grounds unrelated to whether the wife’s loss-of-consortium claim survives the death of the personal injury husband. Thus, our holding in Taylor is still precedent.
We turn our attention to the third district’s conflict and reaffirm our holding in Taylor. In ACandS, Inc. v. Redd, 703 So.2d 492, 494 (Fla. 3d DCA 1997), the third district held that a cause of action for a loss of consortium does not survive the death of the injured spouse. In doing so, it provided:
By the term “separate and distinct,” these courts do not mean that a derivative cause of action can exist in the absence of a primary cause of action. Instead, the term “separate and distinct” means that a spouse can maintain a consortium claim in situations where there has not been joinder of the injured spouse, Busby v. Winn & Lovett Miami, Inc., 80 So.2d 675, 676 (Fla.1955), or where the injured spouse has executed a consent judgment or a release as to his or her claim. Ryter v. Brennan, 291 So.2d 55 (Fla. 1st DCA 1974); Resmondo v. Int’l Builders of Fla., Inc., 265 So.2d 72, 73 (Fla. 1st DCA 1972). Accordingly, we decline to follow Taylor *1121 and certify conflict with the Fifth District.

Id.

We disagree with the third district’s analysis to the extent that it suggests Res-mondo, Ryter, and Busby do not support a derivative cause of action’s existence in the absence of a primary cause of action. In Gates v. Foley, 247 So.2d 40, 41 (Fla.1971), the supreme court abrogated prior decisions and held that “deprivation to the wife of the husband’s companionship, affection and sexual relation (or consortium, as above defined) constitutes a real injury to the marital relationship and one which should be compensable at law if due to the negligence of another.” In Resmondo, the first district held that where a husband settled a claim with a consent judgment without finding fault, a wife’s loss-of-consortium claim is still actionable. 265 So.2d at 73. In Ryter, the first district provided that “[t]he wife owns the cause of action [and that] [i]t is her property right in her own name.” 291 So.2d at 57. Similarly, this court has previously stated that “Florida case law recognizes that loss-of-consortium is a separate cause of action belonging to the spouse of the injured married partner, and though derivative in the sense of being occasioned by injury to the spouse, it is a direct injury to the spouse who has lost the consortium.” Orange Cnty. v. Piper, 523 So.2d 196, 198 (Fla. 5th DCA 1988) (citing Busby, 80 So.2d at 676).
As another basis for its conflict with Taylor, the third district continued by noting it was persuaded that the Legislature did not want the loss-of-eonsortium claim to continue past death because the Legislature made recovery for a surviving spouse a part of the Wrongful Death Act. ACandS, 703 So.2d at 494 (“[T he surviving spouse may also recover for loss of the decedent’s companionship and protection and for mental pain and suffering from the date of injury.” (quoting § 768.21(2), Fla. Stat. (1995))). The third district implicitly concluded that because the surviving spouse can recover from the date of injury, the loss of consortium from the date of injury merges with the continuing injury suffered after death, and the surviving spouse therefore recovers. We find this analysis problematic because it considers only a situation where a wrongful death action can be maintained. Indeed, under the third district’s interpretation, where the injured spouse dies from an injury unrelated to the personal injury action, the surviving spouse who suffered a loss of consortium would not be able to maintain a wrongful death action. Therefore, the surviving spouse would lose a vested right to recover for a loss of consortium from the date of injury to the date of death. This cannot be the result the Legislature intended and, here, that would be the effect.
We affirm the trial court’s dismissal of the personal injury action. We reaffirm our holding in Taylor that a loss-of-consortium claim survives the death of a deceased spouse. Accordingly, we reverse the trial court’s dismissal of Appellant’s loss-of-consortium claim and remand for the trial court to reinstate the claim. We also maintain the preexisting conflict with the third district in ACandS, Inc. v. Redd, 703 So.2d 492, 494 (Fla. 3d DCA 1997).
AFFIRMED in part; REVERSED in part; REMANDED with instructions; CONFLICT CERTIFIED.
SAWAYA and EVANDER, JJ, concur.

. Taylor v. Orlando Clinic, 555 So.2d 876, 878 (Fla. 5th DCA 1989), disapproved on other grounds, Capone v. Philip Morris USA, Inc., 116 So.3d 363 (Fla.2013).

. We affirm without discussion the trial court’s finding that Appellant failed to demonstrate excusable neglect.

. The supreme court also addressed a jurisdictional issue not relevant here.