IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BANK OF AMERICA, N.A.,

       Appellant,

 v.                                                                    Case No.  5D17-2541

JAMES EASTRIDGE AND JENNIFER
EASTRIDGE,

       Appellees.

_____/

Opinion filed August 10, 2018

Appeal from the Circuit Court
for Seminole County,
Jessica J. Recksiedler, Judge.

Elizabeth Ann Henriques, and Tricia J.
Duthiers, of Liebler, Gonzalez & Portuondo,
Miami, for Appellant.

James Eastridge, and Jennifer Eastridge,
Oviedo, pro se.


EDWARDS, J.

      This case involves obtaining ownership of real property by squatters' rights, i.e.

adverse possession.  Bank of America, N.A. ("BOA"), appeals the final default judgment

that extinguished BOA's mortgage and title to the subject property and awarded

unencumbered title to Appellees, James and Jennifer Eastridge, based on their

convincing, but incorrect, assertion that seven years of actual and continuous adverse

possession is no longer required by section 95.18, Florida Statutes (2016). We find that the trial court erred by: (1) ruling that because a clerk's default had been entered, BOA could not oppose entry of judgment by asserting failure to state a cause of action, (2) finding that section 95.18 no longer required seven continuous years of adverse possession, (3) concluding that Appellees met the requirements of section 95.18, and (4) denying BOA's motion for rehearing. Accordingly, we reverse the final judgment and remand the cause to the trial court with instructions to dismiss Appellees' complaint without prejudice

BOA obtained a mortgage on the subject property when it issued a home equity line of credit to the Clairs, previous owners who subsequently abandoned the property. BOA obtained title to the property by obtaining a quit-claim deed from the homeowners association that foreclosed its lien on the subject property for the Clairs' unpaid association fees. Appellees asserted their claim of adverse possession by filing a complaint to quiet title in February 2017. As an exhibit to their complaint, Appellees attached their Return of Real Property in Attempt to Establish Adverse Possession Without Color of Title ("Return"), in which they claimed they began their possession of the subject property less than four-and-one-half years prior to filing suit.

When BOA was one day late responding to the complaint, Appellees sought and obtained a clerk's default. BOA's counsel appeared and filed a motion for extension of time, one day after the default had been entered. Five days post-default, BOA filed its verified motion to set aside the default, which the trial court denied. Appellees then moved the trial court to enter a final judgment. In a written memorandum filed prior to entry of final judgment, BOA opposed entry of judgment, claiming that Appellees' complaint failed

2

to state a cause of action because the attachments affirmatively showed Appellees possessed the land for a little more than four years, rather than for seven years as specifically required by section 95.18. Following a hearing, the trial court ruled that because BOA was in default, it could not assert that defense. The trial court first entered final judgment quieting title in favor of Appellees and then denied BOA's timely-filed motion for rehearing in which BOA reasserted the same pleading deficiencies.

First, the trial court erred when it refused to consider BOA's argument that Appellees' complaint failed to state a cause of action. "The default operates as an admission by [the defendant] of the well-pled allegations of the complaint, but not as an admission of facts not properly pled or conclusions of law." *Appel v. Lexington Ins. Co.*, 29 So. 3d 377, 379 (Fla. 5th DCA 2010). The party seeking affirmative relief may not be granted a judgment that is not supported by the pleadings or by substantive law applicable to the pleadings. *Becerra v. Equity Imps., Inc.*, 551 So. 2d 486, 488 (Fla. 3d DCA 1989). A party in default may rely on these limitations. *Id.* "The defense of failure to state a cause of action may be raised by motion, even after a default, and may be raised at the trial on the merits." *Appel*, 29 So. 3d at 379. Therefore, the trial court was required to entertain BOA's argument addressing Appellees' allegedly inadequate complaint, and erred by refusing to consider it. However, that error requires reversal only if Appellees' complaint fails to state a cause of action.

Second, the trial court erred by finding that section 95.18(1) no longer required seven continuous years of adverse possession. Adverse possession generally requires the possessor/claimant to have actual, open, and notorious possession for the statutory period. *Milton v. Corrie*, No. 16-62590-Civ-Scola, 2017 WL 2214756, at *3 (S.D. Fla. May

3

18, 2017).  However, Florida allows a squatter or adverse possessor to "tack" or combine his/her period of adverse possession with the period of a prior adverse possessor in order to meet the statutory time requirement.  *See, e.g.*, *Supal v. Miller*, 455 So. 2d 593, 594 (Fla. 5th DCA 1984) (finding that "tacking can be used to establish a prescriptive easement" to meet the full prescriptive period).

Although tacking was not involved here, the statutory provisions regarding tacking were used to create confusion in this case.  Section 95.18(1) speaks to the possessory accomplishments of both the claimant and the claimant's predecessors.  Here, BOA, Appellees, and the trial court all agreed that the 2012 version of this statute required Appellees to prove that they, or their predecessors, had actually and continuously occupied the subject property for seven years.  Under the 2012 version, Appellees' time of possession would have fallen short of the requirement by approximately thirty months.  However, Appellees argued and the trial court found, despite BOA's disagreement, that a legislative change in 2013 eliminated the seven-year possessory requirement.  To determine if such a change was made, we will examine both versions.

The relevant portion of the 2012 version reads:

> When the occupant has, *or those under whom the occupant claims have*, been in actual continued occupation of real property for 7 years under a claim of title exclusive of any other right, but not founded on a written instrument, judgment, or decree, the property actually occupied is held adversely if the person claiming adverse possession made a return, as required under subsection (3), of the property by proper legal description to the property appraiser of the county where it is located within 1 year after entering into possession and has subsequently paid, subject to s. 197.3335, all taxes and matured installments of special improvement liens levied against the property by the state, county, and municipality.

4

§ 95.18(1), Fla. Stat. (2012) (emphasis added).  After the amendment in 2013, which the 2016 version reflects, the statute now reads:

> (1)  When the possessor has been in actual continued possession of real property for 7 years under a claim of title exclusive of any other right, but not founded on a written instrument, judgment, or decree, *or when those under whom the possessor claims meet these criteria*, the property actually possessed is held adversely if the person claiming adverse possession:
>
> (a)   Paid, subject to s. 197.3335, all outstanding taxes and matured installments of special improvement liens levied against the property by the state, county, and municipality within 1 year after entering into possession;
>
> (b)   Made a return, as required under subsection (3), of the property by proper legal description to the property appraiser of the county where it is located within 30 days after complying with paragraph (a); and
>
> (c)   Has subsequently paid, subject to s. 197.3335, all taxes and matured installments of special improvement liens levied against the property by the state, county, and municipality for all remaining years necessary to establish a claim of adverse possession.

§ 95.18(1), Fla. Stat. (2016) (emphasis added).

Appellees argued and the trial court determined that the 2016 version of section 95.18(1) required either actual, continuous possession for seven years or, in the alternative, compliance with the requirements listed in subsections 95.18(1)(a)–(c) without seven years of possession. The court's interpretation of the statute is incorrect for three reasons: (1) the language allowing combined consideration of the activities of the possessor and its predecessors clearly and unambiguously applies only to the requirement of actual, continuous possession; (2) the court's interpretation would render portions of the statute meaningless; and (3) the court's interpretation would lead to an absurd result.

5

Both the 2012 and the 2016 versions set forth minimum seven-year actual and continuous occupancy or possessory requirements that can be met by the claimant alone or that can be met through tacking by considering the actions of the claimant and the claimant's predecessors. We will refer to the statutory language regarding the claimant's predecessor's actions as the tacking phrase. In the 2012 version, the tacking phrase was found at the beginning of the section: "When the occupant has, *or those under whom the occupant claims have*, been in actual continued occupation of real property for 7 years under a claim of title exclusive of any other right, but not founded on a written instrument, judgment, or decree." § 95.18(1), Fla. Stat. (2012) (emphasis added). In this context, the language clearly and unambiguously indicates that either the occupant or its predecessor must have actually and continually occupied the property for seven years and must also be without color of title.

The 2016 version contains substantially the same tacking phrase, even though the phrase was shifted and now appears after the requirement of possession for seven years without color of title: "When the possessor has been in actual continued possession of real property for 7 years under a claim of title exclusive of any other right, but not founded on a written instrument, judgment, or decree, *or when those under whom the possessor claims meet these criteria* . . . ." § 95.18(1), Fla. Stat. (2016) (emphasis added). It is because of this shift in location that the court apparently reached its interpretation that seven years of continuous and actual possession of the property was but one alternative way of obtaining ownership through adverse possession. However, in so construing, the court ignored simple sentence structure—the phrase "*or when those under whom the*

*possessor claims meet these criteria*" clearly only refers back to the criteria or requirements of actual, continuous possession without color of title.

Furthermore, both versions have additional requirements or tasks that address the open, notorious, and adversary nature of possession of "the property actually occupied" or "possessed" which only the claimant can accomplish, such as filing a return and paying outstanding taxes and liens. Thus, the tacking phrase applies only to the possessory requirement and not to the additional adverse qualities of the possession required to perfect a claim for section 95.18(1). Since the language is clear and unambiguous, there is no need to look beyond the plain language of the statute. *See Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005). The plain language of the statute clearly requires the claimants/possessors, here Appellees, individually or in combination with their predecessors to meet the criteria of actual, continuous possession for seven years without color of title. The requirement of actual possession, which can be accomplished by the claimant or its predecessor adverse possessors, is in addition to, rather than as an alternative to, the requirement of establishing the adverse nature of the possession which must be personally accomplished by the claimant/current possessor.

Additionally, the trial court's interpretation of the statute renders portions of the statute meaningless, which courts should avoid doing. *See Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 456 (Fla. 1992). Here, the trial court presumably reached its conclusion by ignoring the following statutory language found in section 95.18(1): "the property actually possessed is held adversely if the person claiming adverse possession . . . ." That phrase not only reiterates the "actual possession" requirement in a short-hand manner, it states that the statute only considers specific

actions (making a return, paying taxes and liens) of "the person claiming adverse possession" to determine whether the possession was adverse. Neither version of the statute permits or considers whether a claimant's predecessor made a return, paid outstanding taxes, or paid outstanding liens. *See Scherer v. Volusia Cty. Dep't of Corr.*, 171 So. 3d 135, 139 (Fla. 1st DCA 2015) (finding that no part of a statute, "not even a single word," should be ignored or rendered meaningless). Thus, for this reason as well, the trial court erred.

Moreover, the court's statutory interpretation would lead to absurd results. If one employed the trial court's interpretation, a person claiming adverse possession of a property with six years' outstanding taxes could successfully obtain ownership through adverse possession under section 95.18 simply by paying the outstanding taxes, filing the return, and then paying the current year's taxes without ever entering into possession of the property. Given the statute's title and clear requirement of seven years' possession by the claimant and/or its predecessors, this hypothetical result would be absurd. As courts should avoid interpretations rendering the result absurd, the court's interpretation was in error. *See M.M. v. State*, 187 So. 3d 300, 304 (Fla. 5th DCA 2016).

Third, the trial court erred by concluding that Appellees met the requirements of section 95.18, as it should have considered whether Appellees' complaint contained well-pled allegations that Appellees were in actual, continuous possession of the subject property for seven years as required by section 95.18(1), Florida Statutes (2016). Appellees' complaint generally asserts compliance with the statute. However, the only specific statement regarding when Appellees commenced possession is found in their Return which they attached to the complaint. Their Return states that they entered into

8

possession of the subject property on September 24, 2012, which means that only four years, four months, and thirty days elapsed from first possession to the filing of their complaint—a period far short of the statutory seven-year requirement.[1]  Because the date provided in the Return which Appellees' attached to their complaint contradicts the general averment of compliance with the statute, the date set forth in the Return controls. "Where a document on which the pleader relies in the complaint directly conflicts with the allegations of the complaint, the variance is fatal and the complaint is subject to dismissal for failure to state a cause of action."  *Appel*, 29 So. 3d at 379.  Given that Appellees' complaint failed to state a cause of action under section 95.18, under both the 2012 and 2016 versions, the lower court erred both by ignoring BOA's efforts to raise that defense and by entering the default final judgment.[2]

Fourth, the trial court erred by denying BOA's motion for rehearing.  A trial court's denial of a motion for rehearing is usually subject to an abuse of discretion standard of review; however when the motion only addresses issues of law the standard of review is de novo.  *Randall v. Walt Disney World Co.*, 140 So. 3d 1118, 1119–20 (Fla. 5th DCA 2014) (quoting *Mistretta v. Mistretta*, 31 So. 3d 206, 208 (Fla. 1st DCA 2010)).  As the issues of law raised in BOA's motion for rehearing should have been decided in BOA's favor, the trial court erred in denying BOA's motion for rehearing.

---

[1] Appellees assert in their answer brief that their possession of the subject property commenced one month later, on October 24, 2012, which is even less time than reported in their Return.

[2] BOA argues that the Return and complaint disclose that Appellees failed in other ways to comply with section 95.18; however, because of the remand, we need not address those issues at this time.

Accordingly, the final default judgment is reversed in its entirety and the case is remanded to the trial court with instructions to dismiss Appellees' complaint with leave to file an amended complaint within twenty days if they can do so in good faith.[3] Should Appellees file an amended complaint, BOA will be entitled to timely respond.

REVERSED and REMANDED with instructions.

SAWAYA and ORFINGER, JJ., concur.

---

[3] Given Appellees' previous statements of when their possession commenced, they may find themselves unable to plead compliance with section 95.18(1) without subjecting themselves to sanctions.